## INDIANAPOLIS STREET RAILWAY COMPANY *v.* HOCKETT, BY NEXT FRIEND.

[No. 20,099.   Filed April 22, 1903.   Rehearing denied June 25, 1903.]

VERDICT.—*Answer to Interrogatories.—Street Railroads.—Negligence.—* Answers to interrogatories, in an action against a street railroad company for injuries sustained by a newsboy who had got upon a car to sell papers and was forced off the car while it was running at a considerable rate of speed, to the effect that the conductor ordered the boy to get off the car before it started, and again just after it started, and at a time when he could have gotten off safely, will not overcome a general verdict for plaintiff, where it was not found that plaintiff heard or could have heard such orders.  *pp. 198–200.*

STREET RAILROADS.—*Ejection of Newsboy from Car.—Trespasser.—* Where newsboys were permitted to go upon street cars to sell and deliver newspapers to passengers upon signals from passengers, a newsboy going upon a car under such circumstances was not a trespasser in the first instance, and did not become a trespasser afterwards unless his right to remain upon the car for such purpose was terminated by a reasonable notice to leave the car; and until he had an opportunity to get off the car at a time when it would be reasonably safe to do so, after receiving the notice, he could not be ejected as a trespasser.  *pp. 200, 201.*

SAME.—*Ejection of Newsboy from Car.—Trespasser.—*Where the conductor of a street car commanded a newsboy who had got upon the car to sell papers to leave the car while it was running at such a rate of speed as rendered it hazardous to do so, and the boy, under the influence of fear, induced by the manner or words of the conductor, exercising such care as was reasonable under the circumstances, attempted to comply with the command and to got off while the car was running at such dangerous speed, and was injured, without his fault, the street car company is liable.  *p. 201.*

SAME.—*Ejection of Newsboy from Car.—Speed of Car.—Negligence.— Question of Fact.—*The question whether it was safe for a boy to alight from a street car at the command of the conductor while it was running at a rate of speed of from four to five miles an hour was one of fact for the determination of the jury.  *p. 202.*

From the Superior Court of Marion County (5928); *J. M. Leathers*, Judge.

Action by David O. Hockett, by his next friend, against the Indianapolis Street Railway Company.  From a

judgment for plaintiff, defendant appealed. Transferred from Appellate Court, under clause two of §1337j Burns 1901. *Affirmed.*

*F. Winter* and *W. H. Latta*, for appellant.

*Millard Cox, C. E. Cox* and *Charles Remster*, for appellee.

DOWLING, J.—Action by David O. Hockett, a minor, by his next friend, for damages for a personal injury alleged to have been caused by the wrongful acts and negligence of the appellant the Indianapolis Street Railway Company. From a judgment against it, the railway company appealed.

The only error assigned, and not waived by a failure to discuss it, is the refusal of the court to render judgment for the railway company upon the answers of the jury to questions of fact submitted to them, notwithstanding the general verdict.

The material facts set out in the third paragraph of the complaint, upon which the cause was tried, were that the appellee, on July 28, 1899, was an infant aged twelve years, and that the appellant was a corporation organized under the laws of this State; that the appellant at said date, and for a long time before that, owned and operated a street railway in the city of Indianapolis for the transportation of passengers by means of cars propelled by electricity; that it was and had been the custom of said railway company to permit newsboys to supply its passengers with newspapers, and upon signals from such passengers to enter upon its said cars, wherever they might be, for that purpose, and that said custom was known to the appellee; that the appellee was on said day a newsboy and vendor of newspapers, and was on Pennsylvania street, near Washington street, with newspapers to sell, when a passenger on one of appellant's said cars, which had stopped, signaled that he wanted a newspaper; that the appellee ran to supply said passenger; that said car was an open summer car, with a running-board extending the whole length of one side, used both by passengers when entering or leaving said car and

by the conductor thereof in collecting fares and for other purposes; that the appellee mounted said running-board to supply said passenger with a newspaper, and stood on said running-board, holding to the "handhold" with which said car was equipped—such position being a perfectly safe one—while he looked through said car for the passenger who had signaled to him for a paper; that before he had time to supply such passenger, or even to discover him, the conductor of said car, which was then proceeding northward to the next street crossing and stopping place, started toward the appellee, along said running-board, and with threatening words and gestures commanded him to jump off said car, which was then running at considerable speed, although said conductor well knew that said car would stop at the next street crossing, then but a short distance away; that the appellee, frightened by the words and manner of the said conductor, prepared to leave said car, but before he had time to do so the said conductor continued toward him in a threatening manner, using menacing words and gestures, thereby greatly increasing appellee's fears, and, in his distraction and haste to leave said car, through fear that he would be violently thrown therefrom by said conductor, his feet slipped from said running-board, and his right leg fell under the wheels of the said moving car, which ran over it, so injuring the limb that the foot and ankle had to be amputated; that the said injury was caused by the negligence of the appellant, as set out in the complaint, and without fault or negligence on the part of the appellee.

The answers of the jury to the questions of fact, which are supposed to entitle the appellant to a judgment in its favor notwithstanding the general verdict, are the following: "(12) Did the conductor order the plaintiff to get off before the car started? A. Yes. (13) If you answer the twelfth interrogatory in the negative, did the conductor order the plaintiff from the car just after the car started from Washington street? A. Yes." "(17) Did the plain-

tiff obey the order of the conductor to get off the car? A. No." "(23)Did the conductor step down from the platform to the running-board of the car? A. Yes. (24)Did the conductor start foward from the rear end of the running-board? A. Yes. (25) If the conductor said anything to the plaintiff after he, the conductor, got on the running-board, what did he say? A. 'Get off.' (26) If the conductor said anything to the.plaintiff after the conductor got on the running-board, how far was he from the plaintiff when he said it? A. Four to six feet. (27) If the conductor said anything with the intention of injuring plaintiff, what was it? A. Nothing. (28) If the conductor did anything with the intention of injuring the plaintiff, what was it? A. Nothing. (29) Did the plaintiff try to jump off the car while the same was in motion? A. Yes." "(32) At what rate of speed was the car going when plaintiff's feet left the running-board? A. Four to five miles. (33) Could the plaintiff have gotten off the car safely before it started from Washington street? A. Yes. (34) Could the plaintiff have gotten off safely just after the car started from Washington street? A. Yes. (35) Could the plaintiff have gotten off the car safely just after the conductor spoke to him at or near Washington street? A. Yes. (36) If the conductor did anything to the plaintiff after the conductor got on the running-board, what did he do? A. Ordered him off. (37) If the conductor did anything to the plaintiff after the conductor got on the running-board, how far was he from the plaintiff at the time? A. Very near him."

The general verdict must be understood as establishing the truth of every material averment of the complaint, except so far as such averments are contradicted or modified by the answers to the questions of fact. The facts constituting the misconduct of the conductor of the car, as corrected and modified by the special answers, may be thus stated: Before the appellee had time to discover the

passenger who signaled him for a newspaper, the conductor started toward the appellee, along the running-board, and, while the car was running from four to five miles an hour, commanded the appellee to get off. The appellee was frightened by the words and manner of the conductor, and prepared to leave the car. The conductor continued to walk along the running-board toward him in a threatening manner, and, in his fright and haste to leave the car, appellee's feet slipped on the running-board, and he fell under the wheels of the car and was injured.

Although the jury found specially that the conductor ordered the appellee to get off before the car started, and again just after it left Washington street, they did not find that the appellee heard or could have heard such order. Under the established rule in such cases, if necessary to sustain the general verdict, it must be presumed that these orders to get off the car when it was safe to do so were not heard by the appellee. We can not supply by intendment or presumption so material a fact as that the appellee heard the orders, when the jury did not specially find that it existed, but, by their general verdict, presumptively, found that such orders, though given, were not heard. *Ohio, etc., R. Co.* v. *Trowbridge,* 126 Ind. 391, 393, 394; *Chicago, etc., R. Co.* v. *Hedges,* 105 Ind. 398, 410; *Hobbs* v. *Salem-Bedford Stone Co.,* 22 Ind. App. 436; *Shoner* v. *Pennsylvania Co.,* 130 Ind. 170; *Consolidated Stone Co.* v. *Summit,* 152 Ind. 297, 300; *Stoy* v. *Louisville, etc., R. Co.,* 160 Ind. 144.

The special findings of fact leave uncontradicted the allegations of the complaint that newsboys were permitted to come upon the appellant's cars upon signals from passengers to sell and deliver newspapers to such passengers, and that upon a signal of this kind the appellee got upon this car. He was, therefore, not a trespasser in the first instance, and he did not become a trespasser afterwards, unless his right to remain upon the car for the purpose

of selling newspapers was terminated by a reasonable notice to leave the car. Until the appellee's right to remain on the car for such purpose was terminated by a reasonable notice to get off the car at a time and place and under such circumstances, with respect to the speed at which the car was running, and the condition of the street at the time and place, as rendered it reasonably safe for him to do so, he could not be ejected as a trespasser. According to the averments of the complaint, which the general verdict affirmed, the entry of the appellee on the appellant's car was lawful. It had the approval of the appellant, and the sanction of a long-established custom known to the appellee, and acquiesced in by the appellant. The appellee, therefore, can not be regarded as a trespasser, unless it appears from the answers to the questions of fact that the license by which he entered the car was subsequently revoked with his knowledge, and under such conditions as rendered it possible for him to withdraw from the car without risk of injury. If the conductor ordered him to get off before the car started, and also just after it started, yet, if the appellee did not hear these orders, they did not operate to terminate his right to be upon the car. If, after the car started, the conductor commanded the appellee to leave the car while it was running at such a rate of speed as rendered it hazardous for the appellee to obey, then the order was an unreasonable and an unlawful one; and if, under the influence of fear, induced by the manner or words of the conductor, the appellee, exercising such care as was reasonable under the circumstances, attempted to comply with the command, and to get off while the car was running at such dangerous rate of speed, and was injured without fault on his part, the appellant must be held liable for the injury.

The proper determination of the case depends upon the answer to a single inquiry: Had the conductor the right to compel a boy twelve years of age to get off an electric

car while running at the rate of from four to five miles an hour, the boy having entered upon the car with the permission of the railway company? He had such right, provided it was safe for the boy to alight. If the appellee could not get off without risk of injury, then the order was unreasonable, and, if unreasonable, unlawful. Whether it was safe for a boy of the size, age, activity, and intelligence of the appellee to alight from the car while it was running at a speed of from four to five miles an hour along one of the principal streets of Indianapolis, at 5 o'clock in the afternoon of July 28, 1899, was a question of fact for the jury. They decided that it was not safe, and that the expulsion of the newsboy from the car was wrongful. Giving to the appellant the benefit of every answer made by the jury to the interrogatories submitted to them, the fact remains that the order to leave the car was given when it was running at considerable speed, and when the act of alighting from it was necessarily attended with some degree of danger. The order to leave the car, enforced by the threatening manner, and perhaps menacing tone of voice, of the conductor, was as effective as the application of physical force, and resulted in a very natural and serious injury to the appellee. The wrongful expulsion of the appellee from the car while in motion was the proximate and sole cause of the accident and injury. The injury done to the appellee was in no sense a wilful one, but was occasioned by the negligence of the conductor in causing him to alight from the car when it was not safe for him to do so. The jury expressly found that the conductor did not intend to injure the appellee. His error was one of judgment, and must be characterized as an act of carelessness or negligence, and not of wilfulness. The trial court did not err in overruling appellant's motion for judgment on the answers of the jury to the questions of fact submitted to them.

We find no error in the record. Judgment affirmed.