## CHICAGO & ERIE RAILROAD COMPANY v. LA· PORTE, ADMINISTRATOR.

[No. 4,716. Filed May 24, 1904. Rehearing denied November 1, 1904.]

RAILROADS.—*Death of Person on Track.—Complaint.—Contributory Negligence.*—In an action against a railroad company for death, the complaint alleged that deceased was crossing the tracks of defendant company, and had reached one of two parallel tracks, when a passenger train one-half an hour late stopped on the farther. track, barring the progress of the deceased, and compelling him to stop on the nearer track, the escaping steam of the passenger engine making a loud noise; and that an irregular train not then due to pass, and bearing no light and giving no signals, approaching on the track on which decedent stood, ran over him. *Held*, that the complaint does not show that the deceased was guilty of contributory negligence. *pp. 692–694.*

SAME.—*Death of Person on Track.—Complaint.—Contributory Negligence.*— In an action against a railroad company for the death of a person on the track, the burden of establishing contributory negligence is, by §359a Burns 1901, placed upon the defendant, and it is therefore unnecessary to aver in the complaint that the person killed was not guilty of contributory negligence; nor is it necessary to state any facts with a purpose thereby to negative contributory negligence. *p. 694.*

DEATH BY WRONGFUL ACT.—*Person Killed in Illinois.—Complaint.*—In an action against a railroad company for death by wrongful act in the state of Illinois, the statute of that state set out in the complaint required the action to be brought by the personal representative of the deceased, and· for the benefit of the widow and next of kin. The complaint averred that plaintiff was administrator, and that deceased left surviving him "as his only heirs at law," his father, mother, and certain sisters and brothers. *Held*, that the complaint is not insufficient for failure to allege that the deceased left surviving him any widow or next of kin. *pp. 694–697.*

SAME.—*Action by Personal Representative.—Complaint.*—Where the right of action for death by wrongful act is given by statute to the personal representative alone, and he sues for the recovery of damages, which, when recovered, shall inure to the benefit of·the widow and next of kin of the decedent, it is necessary that he show in his complaint the existence of some person or persons who have suffered pecuniary injury through the death of his intestate. *p. 698.*

From Porter Circuit Court; *W. C. McMahan*, Judge.

Action by Louis La Porte, as administrator of the estate of Robert La Porte, deceased, against the Chicago

& Erie Railroad Company.    From a judgment for plaintiff, defendant appeals.    *Affirmed.*

*W. O. Johnson, Johnston, Bartholomew & Bartholomew,* for appellant.

*N. L. Agnew,* for appellee.

BLACK, C. J.—The appellee, administrator of the estate of Robert La Porte, deceased, recovered judgment for damages against the appellant for negligently causing the death of the intestate.    The overruling of the demurrer of the appellant to the complaint for want of sufficient facts is presented here as error.    It is claimed on behalf of the appellant that the complaint showed that the appellee's intestate was chargeable with contributory negligence.    The complaint contained allegations to the effect that the appellant's railway of two tracks, eight feet apart, ran northwest and southeast by a station named Hegewisch, in Illinois; that a manufacturing establishment, in which the intestate was an employe, was situated on the south side of the tracks, opposite the appellant's station building, situated north of the tracks in an angle between the tracks and a public highway which ran across the tracks west of the station to the manufactory; that at 6 o'clock on an evening in December, when it was very dark, the intestate, with several hundred other persons, proceeded from the manufactory over the crossing on the way to their homes in the town, situated north of the railway; that at the instant when they reached the south track a passenger-train, about one-half hour late, coming from the east, was negligently run into the company, and negligently stopped at the station in front of the intestate so as to bar his further progress, and to compel him to stop upon the south track about eight feet from the engine and passenger-train, the bell of the engine ringing, and the engine making a loud noise of escaping steam and by other means; that at the instant when the passenger-train stopped, an irregular train, not due to pass at that time, consisting of an engine, tender, and

caboose, was by the appellant at that point negligently run backward, to and over the crossing, and the appellant negligently omitted and neglected to display any headlight or any light of any kind, with the tender in front, the engine backing, and the caboose attached to the front end of the engine, which brought it in the rear of the engine as it so negligently proceeded backward; and the appellant failed and omitted to ring any bell, or make any noise, or display any light, or make any signal of any kind, and negligently so ran the train at the rate of thirty-five miles an hour into the crowd of men of which the intestate was one, and, before he had time or opportunity to retreat or escape, negligently ran the same upon and over the intestate, and instantly killed him; that in so doing the appellant well knew that the large crowd of men were on the crossing, and that it was exceedingly dangerous to life to run the engine, tender, and caboose rapidly, and without such signals, at that time and place, and that the passenger engine had so stopped and was holding the crowd of men on the crossing, but, notwithstanding its knowledge of these facts, it so negligently ran the engine, tender, and caboose over the crossing, and into the crowd of men, and upon and over the intestate, without giving any signal of its approach, and without displaying any light, and at a time when neither of the trains was due, and when the tracks were usually free and clear of obstruction; that the intestate did not see or know of the approach of the engine, tender, and caboose, and could not see or know or hear the same, and was surprised and struck and killed by the same before he saw or knew, or could see or know, of their approach. It is also averred that the intestate was killed by the wrongful act, neglect, and default of the appellant as alleged in the complaint.

Various statutes of Illinois were set out in the complaint, to which more particular reference is not needed in this connection. It is admitted by the appellant that the com-

plaint shows that the irregular train, which ran upon the intestate on the south track, was negligently run and handled. Admitting that it does not appear that the intestate was caused to be at the place where he was when struck by any negligence in the management of the passenger-train, it does not necessarily follow that he was chargeable with negligence in exposing himself to injury from the train on the south track. Nor does it affirmatively appear that he was so chargeable because it is alleged that he, in company with others, left the shops of the manufacturing establishment, and started to cross the tracks, without any allegation of precautionary measures on his part.

It is not necessary to aver in such a complaint that the person injured or killed was not guilty of contributory negligence, or that he was without fault or without negligence; nor is it necessary to state any facts with a purpose thereby to negative contributory negligence. The statute (§359a Burns 1901) relieves the plaintiff of the necessity of alleging or proving, in such action, the want of contributory negligence, and makes such negligence matter of defense. The burden of establishing contributory negligence is thus placed throughout the action upon the defendant. A complaint may contain averments and admissions wholly inconsistent with due care on the part of the person injured or killed, and showing affirmatively that such negligence contributed proximately to the injury or the death; but this, very plainly, is not such a complaint.

It is further claimed against the complaint that it is nowhere alleged therein that the intestate left surviving him any widow or next of kin. One of the provisions of the statutes of Illinois, set out in the pleading, requires that such action shall be brought by and in the names of the personal representatives of the deceased person, and that the amount recovered shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the

proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of the deceased person, not exceeding the sum of $5,000. Among the provisions of a statute of descents quoted, one directs that the estates, real and personal, of resident and nonresident proprietors in that state, dying intestate, shall descend and be distributed, first, to his or her children and their descendants, etc., and, second, where there is no child nor descendant of a child, and no widow or surviving husband, to the parents, brothers, and sisters of the deceased and their descendants, in equal parts among them, etc.

The complaint showed that the appellant was the duly appointed and acting administrator of the estate of the person alleged to have been killed; that the latter died intestate, and left surviving him "as his only heirs at law," his father and mother and two brothers and two sisters, naming each of these persons; also that the intestate was nineteen years of age, earning, and capable of earning, $2 per day; and that more than a year before his death he was emancipated, and given his time, and allowed to do business and act for himself, by his father and mother, and he did so act and was so allowed by them, and exercised his freedom from control on their part, as though he were more than twenty-one years of age. And it was alleged that "by reason of the premises the said heirs at law of said Robert La Porte and your administrator, this plaintiff, have been and are damaged by the said carelessness, neglect, and wrongful acts and defaults of the defendant in the sum of $5,000," etc.

If no such persons exist as those designated in the statute—"the widow and next of kin"—the action under the statute can not be maintained; and therefore the existence

of some such beneficiary or beneficiaries must be alleged and proved. *Western Union Tel. Co.* v. *McGill,* 57 Fed. 699, 6 C. C. A. 521, 21 L. R. A. 818; *Indianapolis, etc., R. Co.* v. *Keeley,* 23 Ind. 133; *Jeffersonville, etc., R. Co.* v. *Hendricks,* 41 Ind. 48; *Stewart* v. *Terre Haute, etc., R. Co.,* 103 Ind. 44. A definition of the phrase "next of kin" by Mr. Justice Gray, in *Haraden* v. *Larrabee,* 113 Mass. 430, is quoted with approval in *Western Union Tel. Co.* v. *McGill, supra,* as follows: "The words 'next of kin' are limited in legal meaning, as in common use, to blood relations, and do not include a husband or a wife, unless accompanied by other words clearly manifesting a purpose to extend their signification."

It appears from the complaint that the intestate left surviving him his father, mother, and certain persons who were his brothers and sisters, and these were his only heirs at law, which they could not have been, under the statutory provisions set out as a part of the complaint, if there were any descendants of the intestate surviving. If it can not be said that it affirmatively appears from the complaint that he did not leave a widow, it appears that he left surviving him certain persons who are referred to as being the intestate's only heirs at law, who are named, and the relationship of each of them to the intestate is stated, and they are his next of kin who become heirs at law where there are no children and no widow. The right of recovery under the statute is not restricted to cases where there are both a widow and next of kin to be distributees of the recovery. *Oldfield* v. *New York, etc., R. Co.,* 14 N. Y. 310, 316.

In *Clore* v. *McIntire,* 120 Ind. 262, it was said: "If some persons are named who are not next of kin, and others are named who are next of kin, a right of action is shown in the administrator. It is not the next of kin who sue, although they may eventually be the beneficiaries; but it is the administrator, and there is, therefore, only one plain-

tiff. \* \* \* The question on the complaint is not as to the measure of recovery, but whether there can be any recovery at all."

"Where the wrongful act or omission occasions the death of an adult, or one not in the service of his parent, or in whose life a widow, children or next of kin may, on account of their relation or situation, have a pecuniary interest as such, the right of action is in the personal representative for their benefit." *Mayhew* v. *Burns,* 103 Ind. 328, 334.

In *Missouri Pac. R. Co.* v. *Barber,* 44 Kan. 612, 24 Pac. 969, the action was brought by the administratrix, the petition alleging that the intestate, at the time of his death, left surviving him, as his next of kin, the plaintiff, "who was and is his mother." The statute gave the right of action to the personal representative, the judgment to inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. It was urged on behalf of the defendant that the plaintiff had no right to sue and recover a judgment for her individual benefit, that there was no allegation that the intestate did not leave a widow or children, and that the mother's right was dependent upon the nonexistence of a widow or children of the intestate, which, it was claimed, she must allege and prove. It was said by the court, in upholding the right of the plaintiff to maintain the action, that a judgment in favor of the personal representative would bar another action, that the distribution of the amount of the recovery was a matter to be determined by the probate court out of which the letters of administration issued, that it did not concern the defendant, that the action was rightly brought by the personal representative, and that all allegations about next of kin were only for the purpose of showing that the deceased left heirs.

If the right of action were in one person or one class of persons, or in case of the nonexistence of such person or class then in another person or class, there would be reason for requiring that the complaint of such other person or class should show the nonexistence of the person or class of persons to whom, if existent, the right belonged in the first instance; but here the right of action is given to the personal representative alone, and because he does not sue for the benefit of the decedent's estate, but sues for the recovery of damages which, when recovered, shall inure to the benefit of the widow and next of kin of the decedent, it is necessary that he show in his complaint the existence of some person or persons who have suffered pecuniary injury through the death of his intestate. If upon the trial it should appear that there is no person who suffers such loss, there can be no recovery; and if it should appear in evidence that there is some person not named in the complaint who suffers such loss, in addition to those named as the injured persons in the complaint, or who is entitled exclusively to the damages recovered, we are of the opinion that the complaint might be amended to correspond with such proof. If in the case before us the evidence should prove the facts stated in the complaint, and should not show the existence of any other person so related to the intestate as to be entitled to compensation, it can not be denied that the personal representative might recover for the whole loss, as proved, occasioned by the death. See *Duzan* v. *Myers,* 30 Ind. App. 227; *Wabash R. Co.* v. *Cregan,* 23 Ind. App. 1. We regard the complaint as sufficient on demurrer.

The appellant's motion for a new trial was overruled. There was conflict in the testimony, and upon the whole evidence the case was one within the province of the jury.

Judgment affirmed.