UNITED STATES FURNITURE COMPANY *v.* TASCHNER,
BY NEXT FRIEND.

[No. 6,067.   Filed January 25, 1907.   Rehearing denied October 9,
1907.   Transfer denied December 13, 1907.]

1. APPEAL.—*Briefs.—Waiver.*—Alleged errors not discussed are waived. p. 673.

2. SAME.—*Complaint.—Defective Paragraph.—When Immaterial.*— The ruling on the demurrer to a paragraph of complaint is immaterial, on appeal, where the court gave a peremptory instruction denying a right of recovery on such paragraph. p. 673.

3. CERTIORARI.—*Correcting Transcript.—Appeal.*—Certiorari lies to correct a defect in the transcript on appeal. p. 674.

4. PLEADING.—*Complaint.—Factory Act.—Dangerous Machinery.*— In a complaint for damages caused by defendant's violation of §9 of the factory act (Acts 1899, p. 231, §7087i Burns 1901), there must be an allegation showing that the machinery causing the injury was of the class designated by such statute to be guarded. p. 676.

5. MASTER AND SERVANT.—*Factory Act.—Dangerous Machinery.— "Shaper."*—A "shaper," being a machine used in making moulding and which has sharp knives or "bits" attached, revolving horizontally at a very rapid rate, such "bits" cutting the wood into the desired shape, is of the class of dangerous machinery included in §9 of the factory act (Acts 1899, p. 231, §7087i Burns 1901), and requires guarding. p. 676.

6. PLEADING.—*Complaint.—Factory Act.—Guarding Machinery.— Practicability.*—A complaint, under §9 of the factory act (Acts 1899, p. 231, §7087i Burns 1901), alleging that the machine causing the injury was of such character as required the use of guards and that such guards could have been used without interference with the use and operation thereof, sufficiently shows that it was practicable to guard such machine. p. 677.

7. NEGLIGENCE.—*Factory Act.—Dangerous Machinery.—Guarding. —Injury.—Proximate Result.*—Where injury to the servant is the result of the master's failure to guard dangerous machinery, as required by §7087i Burns 1901, Acts 1899, p. 231, §9, the servant has a cause of action therefor. p. 677.

8. PLEADING.—*Complaint.—Failure to Guard Machinery.—Injury.— Proximate Cause.*—A complaint showing that the master failed to guard a "shaper" and that plaintiff's "injury was caused by the negligent failure of defendant to provide suitable and proper guards for said machine, and properly to guard the same," sufficiently shows that such failure was the proximate cause of the injury. p. 677.

From Superior Court of Vanderburgh County; *W. M. Wheeler,* Special Judge.

Action by William Earl Taschner, by his next friend, against the United States Furniture Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Elmer E. Stevenson* and *Andrew J. Clark,* for appellant. *James T. Walker,* for appellee.

COMSTOCK, C. J.—Appellee, by his next friend, brought suit and recovered judgment below for $800 damages, on account of an injury to his right hand, received while operating, as an employe of appellant, a machine called a "shaper." An amended complaint was filed in three paragraphs. A demurrer for want of facts was sustained to the first and overruled as to the second and third. The cause was put at issue by a general denial. Appellant's motion for a new trial was overruled.

The assignment of errors questions the sufficiency of the second and third paragraphs of the complaint and the action of the court in overruling appellant's motion for a 1. new trial. Only the rulings on the demurrer, however, are discussed, and the third specification of error is therefore waived. The second paragraph of the amended complaint alleged that the appellant failed properly to guard a machine, which should and could have been guarded. The third, that appellant negligently furnished improper bits or knives to be used in the machine operated by the appellee, which bits or knives were of improper "thinness," width and length.

The court instructed the jury that there could be no recovery based upon the negligence of the defendant in the furnishing of such bits; that the only ground upon which 2. the plaintiff could recover, if at all, was that the defendant failed properly to guard the "shaper," and

that by reason thereof, and without fault on his part, he received the injuries complained of. This instruction took from the consideration of the jury the third paragraph of the complaint, and its sufficiency, so far as the disposition of this case is concerned, is immaterial. It only remains, therefore, to pass upon the action of the court in holding the second paragraph good as against a demurrer for want of facts.

It is proper to state that, in the transcript as originally filed, the second paragraph states that guards could not be used upon the machine in question, without interfering with the use and operation thereof. Upon proper application a *certiorari* was granted and addressed to the clerk of the Superior Court of Vanderburgh County, in compliance with which a true copy of said paragraph was filed in this court, showing the averment to be that guards could have been used without interfering with the use and operation of said machine. This paragraph is founded upon section nine of the act of March 2, 1899 (Acts 1899, p. 231, §7087i Burns 1901), entitled "an act concerning labor, and providing means for protecting the liberty, safety and health of laborers, providing for its enforcement by creating a department of inspection, and making an appropriation therefor, repealing all laws in conflict therewith." Section nine contains this provision: "All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein, shall be properly guarded." Said second paragraph, in substance, alleges, that the plaintiff is seventeen years of age; that at the time he received his injury he was employed by the defendant to do the work of making mouldings in the defendant's factory; that defendant was then operating a factory for the manufacture of furniture and other woodwork, and as a part of its business manufactured mouldings for use in making furniture; that in making mouldings there was used in said factory a machine called a "shaper"; that in said work it was necessary

to use upon said machine sharp knives, called "bits," which are attached to the machine and caused to revolve at a speed of 4,000, or more, revolutions per minute, and with these bits the mouldings were made; that the bits suitable and proper to be used on said shaper are made in such form as to cut wood, used in the making of mouldings, into the desired shapes, and of such length, width, and thickness as safely to be cut and shaped into such mouldings; that the edges of the bits are so curved as to make a cut in the wood of the shape desired; that they are similar in general character and use to the teeth of a circular saw, and are used for cutting wood as saws are used, except that they are so placed and set as to revolve in a horizontal direction instead of a perpendicular direction, and except, further, that the cutting is done on the edge of the piece of wood worked upon, and, by reason of the shape of such bits, the cuts in the wood are made curved to conform to the shape of such bits; that, on the day plaintiff was injured, he was put to work upon a shaper, and was directed by the foreman to make mouldings of a certain kind, by cutting the same upon said shaper with the bits set and placed in said shaper for that purpose by said foreman; that, in obedience to the instructions of said foreman, he proceeded to make the mouldings as directed by him, and in so doing he was required to hold and guide with his hands the wood to be cut by said bits, and while in the discharge of his duties in that behalf was injured as hereinafter stated; that said defendant negligently and carelessly failed and refused to provide, and caused to be used upon and attached to said machine, proper and sufficient guards as required by law, although said shaper was a machine of such character as required the use of such guards and such guards could have been used without intereference with the use and operation thereof as defendant well knew. It is further averred that, as the plaintiff was working at said machine, under the direction of the foreman, whose orders it was his duty to obey, the piece of wood he was pressing upon the bits was suddenly

thrown with such force and in such a manner as to force his hand upon said bits then revolving at a high rate of speed, and three of his fingers were then and there cut off; that said injury was caused by the failure of defendant to provide suitable and proper guards, and properly to guard the same as required by law; that the dangerous condition of the machine, and its unsuitableness for the work which was being done without such guards, were well known to the defendant, and that the defective and dangerous condition of such machine, in the condition in which plaintiff was directed to work upon it, was unknown to the plaintiff.

The first objection made to this paragraph is that it fails to aver facts to show that the shaper is of the class of machinery specifically designated by the statute to be guarded. Such averments are necessary. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290.

The title of the factory act (Acts 1899, *supra*) indicates its purpose. It is broad enough to embrace a wide scope in its interpretation. Section nine makes it the duty of the owner of any establishment of the kind in question to furnish contrivances for the safety of the employes, and provides that all saws and machinery of every description therein shall be properly guarded. The dangerous part of the shaper is designated as the knives or bits, as they are similar in general character and use to the teeth of a circular saw, and used for cutting wood as saws are used, except that they revolve in a horizontal, instead of a perpendicular, direction. They belong to the "buzz-saw" class of dangerous machinery. These knives or bits are, for the purposes of the statute, saws, their office being the same. "The effect of the statute is to impress upon certain kinds of machinery, such as saws, etc., the character of dangerous machinery, and to interdict their use by the employers unless properly guarded." *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 58 L. R. A. 944. See, also, *Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind. App. 32. To deny the applica-

tion of the statute to the machinery described in the complaint would be to ignore its objects.

It is further objected that there is an absence of facts to disclose whether it was practicable properly to guard the particular machine without rendering it useless for the purpose for which it was intended to be operated. The averment is that the machine was of such a character and construction that such guards could have been used without interfering with the use and operation thereof. The paragraph describes the effect of the failure properly to guard the machine, namely: that the bits took a larger hold on the wood than they otherwise would have done, and thereby caused the piece of wood to be jerked out of the hand of the employe. In behalf of appellant it is stated that the statute does not require guards for machinery for the purpose of preventing such occurrences. The method of injury is not mentioned in the statute; but, if it is one of the results of the failure to use proper guards, it must be conceded that it was one of the casualties intended to be guarded against.

Other objections urged are that said paragraph does not show that the absence of the guard was the proximate cause of appellee's injury; that it does not directly, but only by way of recital, allege negligence of appellant. These objections are not well taken. The machine and the manner in which appellee received his injury are described with particularity, and it is averred that the machine was without guards. "And plaintiff says such injury was caused by the negligent failure of defendant to provide suitable and proper guards for said machine, and properly to guard the same, as required by law." This was the direct averment of a fact. *Blanchard-Hamilton Furniture Co.* v. *Colvin* (1904), 32 Ind. App. 398.

Judgment affirmed.