## NATIONAL DRILL COMPANY v. MYERS.

[No. 5,884.   Filed October 8, 1907.]

1. APPEAL.—*Briefs.*—A brief which sets out the complaint, except the formal parts, and states that a demurrer was filed thereto and overruled and an exception taken, citing the record where such demurrer and rulings are found, sufficiently complies with the Appellate Court rules.   p. 323.

2. PLEADING.—*Complaint.—Master and Servant.—Factory Act.— Emery Wheels.*—A complaint showing that defendant set the plaintiff to work in grinding and polishing tools on an emery wheel and that he was injured by the sparks and dust thrown off therefrom, because of defendant's failure to guard such wheel, does not sufficiently show that the wheel was one contemplated by section 9 of the factory act (§7087i Burns 1901, Acts 1899, p. 231).   p. 323.

3. SAME.—*Complaint.—Master and Servant.—Factory Act.—Guarding Machinery.*—A complaint for the violation of the factory act (§7087i Burns 1901, Acts 1899, p. 231, §9) must affirmatively show that the dangerous machinery causing the injury could have been guarded without destroying its usefulness.   p. 324.

From Wayne Circuit Court; *Henry C. Fox*, Judge.

Action by Noah Myers against the National Drill Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Elmer E. Stevenson* and *John L. Rupe*, for appellant.
*William H. Kelley* and *Bernard Korbly*, for appellee.

MYERS, J.—Appellee in the court below prosecuted this action against appellant to recover damages for a personal injury, alleged to have been caused by appellant's failure to comply with the provisions of §7087i Burns 1901, Acts 1899, p. 231, §9. A demurrer to the complaint for want of facts was overruled. A complaint in one paragraph, answered by a general denial, formed the issue, which was submitted to a jury, resulting in a verdict, followed by judgment, in appellee's favor for $2,200. The ruling on the demurrer is the first error here relied on for a reversal of the judgment.

(1) Considering the demurrer to the complaint, appellee insists that appellant has waived this specification of error by its failure to comply with clause five, rule twenty-two, of the Supreme Court and this Court. We do not think this point well taken. Appellant's brief furnishes a copy of the complaint, except the formal parts, and states that the demurrer to the complaint for insufficient facts was overruled and exception taken, and refers the reader to the transcript—page 7—for the ruling on the demurrer. We think the brief is sufficiently explicit on this point to inform the court what questions are presented by the demurrer without an examination of the record. This being true, the rule is substantially complied with.

(2) It will not be necessary to state the substance of the complaint, for it is clear from the allegations thereof that appellee rested his cause of action on appellant's failure (a) to guard a certain emery-wheel, and (b) to provide a sufficient exhaust-fan to carry off the dust occasioned by the use of the wheel, both omissions being in violation of the alleged provisions of section nine of the factory act (§7087i, *supra*). Appellant contends that the act above referred to does not require emery-wheels to be guarded; that the legislature had in mind the safety of persons employed in factories when it required that certain machinery and equipment be guarded, and that the provision for exhaust-fans has reference to the health of persons employed in such establishments.

Section 7087i, *supra*, expressly provides that "all vats, pans, saws, planers, cogs, gearings, belting, shafting, set-screws and machinery of every description therein shall be properly guarded." In this connection emery-wheels are not specifically mentioned. If they are within the statute it is because of the general phrase "and machinery of every description therein." Since this cause was tried the Supreme Court of this State has construed that phrase to include only "machinery or appliances belonging to or of

the class or character designated as 'vats, pans, saws,' etc.'' *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290. Under this ruling, unless the emery-wheel, as used, and described in the complaint, can be said to be of the class or character of the machines and equipment the statute designates to be guarded, it would not be included in the general phrase.

It is shown by the complaint that appellant owned and operated a manufacturing plant in Cambridge City, Indiana, and at the time appellee received his injury he was employed by appellant to grind and polish certain iron and steel parts of shovels and other tools by applying the same to an emery-wheel, owned and used as a part of its factory equipment; that, in order for appellee to perform this duty, he was required to stand in front of the wheel, and with his hands hold said shovels and tools against the wheel as it revolved with great speed and velocity toward him; that in the performance of said work and labor great quantities of sparks and small particles of material, partly the material being ground, and partly the material of the wheel, as the same would wear and break off, were thrown outward, upward, and toward him, according to the velocity at which the wheel was being revolved, and with great force and frequency into the face and eyes of appellee, to his great danger and annoyance. From this use of the wheel we are not prepared to say that it is of the kind or class of machines and equipment or appliances specifically designated by the statute to be guarded, and therefore not within the general phrase ''machinery of every description.'' For that reason appellee had no cause of action on account of the first alleged negligent omission.

As to the second omission charged against appellant, §7087i, *supra,* provides that ''exhaust fans of sufficient power shall be provided for the purpose of carrying off dust from emery-wheels and grindstones and dust-creating machinery from establishments where used.''

The complaint shows that appellant owned and maintained an emery-wheel as a part of the equipment of its factory; that it negligently failed to provide exhaust-fans to carry off the dust caused by the use of the wheel; that the dust and particles of ground material were thrown into appellee's eyes, causing the injury. This court in *Muncie Pulp Co. v. Hacker* (1906), 37 Ind. App. 194, said: "The effect of the statute is to impress upon an emery-wheel in use in a factory a characteristic of danger, and to forbid its use unless provided with an exhaust-fan. The statute imposes a specific obligation with reference to a specific thing, and the failure to comply with the requirements of the statute is a plain breach of a statutory duty owing to the employe." We still adhere to the holding in that case. It will be observed that the complaint in the case from which we have just quoted not only alleged that it was dangerous to use the emery-wheel without an exhaust-fan, but that the wheel could have been provided with an exhaust-fan without rendering it useless for the purposes intended. No allegation is found in the complaint now under consideration, either directly or by inference, alleging that the wheel used by appellee could have been guarded or provided with an exhaust-fan of sufficient power to carry off the dust created thereby without rendering it useless for the purposes intended. Under the ruling of the Supreme Court, the burden was on appellee to allege and prove, as a material fact to a recovery, that an exhaust-fan, as required by the statute, could have been provided without interfering with the use of the wheel. *Robertson v. Ford* (1905), 164 Ind. 538; *Laporte Carriage Co. v. Sullender, supra.*

Following the ruling in the case last cited, it is clear that the complaint in the case now before us is insufficient to withstand a demurrer for want of facts.

Judgment reversed.