AMERICAN CAR AND FOUNDRY COMPANY *v.* ADAMS.

[No. 22,073. Filed November 26, 1912.]

1. MASTER AND SERVANT.—*Injury to Servant.—Contributory Negligence.—Complaint.*—A complaint, by a servant for personal injuries, alleging that plaintiff was a common laborer in defendant's factory and was ordered by defendant's foreman to assist in operating a punching machine, subject to the orders and directions of the regular operator of the machine, that in operating the machine it became necessary for plaintiff to wipe oil from the boards placed at either side thereof to catch the waste oil, and in so doing the hand of the operator was brought in close proximity to cogwheels which the defendant had negligently failed to guard properly, that while wiping the boards in obedience to orders and directions plaintiff's hand was drawn into the cogwheels and injured, is not open to the objection that it affirmatively shows contributory negligence on the part of plaintiff. p. 611.

2. MASTER AND SERVANT.—*Injury to Servant.—Negligence of Fellow Servant.—Complaint.*—A complaint, by a servant for personal injuries, charging that plaintiff, who was a common laborer in defendant's factory, was ordered by defendant's foreman to assist the operator of defendant's punching machine, and that in so doing plaintiff was subject to the orders and directions of such operator, and that such operator ordered him to wipe oil from the machine, and that, in performing such work, plaintiff's hand was drawn into a cogwheel and injured, is not defective as showing plaintiff was not acting within the scope of his employment, and was acting under orders of a fellow servant. p. 612.

3. MASTER AND SERVANT.—*Injury to Servant.—Unguarded Machine.—Duty of Master.—Complaint.*—A complaint, by a servant for personal injuries, charging defendant with negligently failing to guard properly the cogwheels on a machine which plaintiff was required to operate, and which were so exposed that in the operation of the machine plaintiff's hand came in contact therewith and was injured, sufficiently shows the violation of a duty owing

by the master to the servant under §8029 Burns 1908, Acts 1899 p. 231, §9, providing that cogs, etc., and machinery of every description shall be properly guarded. pp. 612, 613.

4. NEGLIGENCE.—*Contributory Negligence.*—*Pleading.*—*Burden of Proof.*—Plaintiff need not allege or prove a want of contributory negligence, but the burden of proving its existence rests on defendant, under §362 Burns 1908, Acts 1899 p. 58, making contributory negligence a matter of defense provable under the general denial. p. 613.

5. MASTER AND SERVANT.—*Vice-Principal.*—*Fellow Servant.*—Where the master subjects the servant to the command of another, without information or caution with respect to all such obligations as the master owes, the other stands in the master's place, although, as regards the common employment, they are fellow servants. p. 613.

6. MASTER AND SERVANT.—*Duty of Master.*—*Guarding Machinery.* —*Question for Jury.*—Section 8029 Burns 1908, Acts 1899 p. 231, §9, providing for the guarding of machinery, does not describe the manner of guarding machines, so that what shall constitute a proper guard is a question of fact to be determined by the jury from the character of the particular machine and the dangers to be avoided. p. 613.

7. APPEAL.— *Record.*— *Review.*— *Verdict.*— *Answers to Interrogatories.*—*Control.*—The special findings of a jury will control only when their antagonism with the general verdict, on the face of the record, is beyond the possibility of removal by any evidence legitimately admissible under the issues. p. 614.

8. APPEAL.—*Verdict.*—*Answers to Interrogatories.*—*Control.*—*Determination of Question.*—In determining whether special findings of the jury are in such conflict with the general verdict as to control it, the court will look only to the complaint, answer, the general verdict, the interrogatories and the answers thereto. p. 614.

9. MASTER AND SERVANT.—*Injury to Servant.*—*Verdict.*—*Answers to Interrogatories.*—In an action by a servant for personal injuries by coming in contact with the cogwheels of defendant's punching machine, where the jury's findings show that the machine was enclosed by an iron fence on three sides, sufficient to prevent contact with the cogs by persons outside the fence, but not constituting a guard for employes required to go within, that the machine was operated by electric power, that its cogwheels were unprotected, that at certain times it was the duty of the operator to turn off the power and go within the fence and wipe oil from the machine, that it usually took from five to seven minutes for the machine to run down after turning off the power, that the operator, under whose orders plaintiff was working, ordered plaintiff to go within the fence and wipe off the oil and

American Car, etc., Co. *v.* Adams—178 Ind. 607.

while so doing plaintiff's hand was caught in the cogs and injured, there is no antagonism with the general verdict to warrant a reversal. p. 614.

10. APPEAL.— *Review.*— *Verdict.*— *Evidence.*— *Sufficiency.*— Where there is evidence tending to support each allegation of the complaint, a verdict for plaintiff will not be set aside on the ground that the evidence is insufficient. p. 615.

11. MASTER AND SERVANT.—*Injury to Servant.*—*Evidence.*—*Sufficiency.*—Where, in an action by a servant for injuries by his hand coming in contact with an unguarded cogwheel on defendant's punching machine, the evidence showed the cogwheels on the machine revolved with great rapidity and were unguarded, that on the day of the injury plaintiff was directed by his foreman to work as a helper at the machine and subject to the orders of the operator, that he was required by the operator to clean oil off the machine with waste material, and in so doing plaintiff's hand was drawn into the cogs and injured, that the cogs could have been properly guarded, and that plaintiff's foreman gave him no instructions how to work, nor cautioned him of the dangers arising therefrom, such evidence was sufficient to sustain a verdict for plaintiff. p. 615.

12. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—In a servant's action for personal injuries, where the evidence without dispute showed that he was working within the scope of his employment, error, if any, in failing to include that element in an instruction, was harmless. p. 616.

13. TRIAL.—*Instructions.*—*Construction.*—Instructions are considered with reference to each other and as an entirety, and if as a whole they correctly and fairly present the law, a particular instruction, though possibly erroneous when not explained or qualified by the others, will afford no ground for reversal. p. 616.

14. TRIAL.—*Instructions.*—*Invading Province of the Jury.*—In a servant's action for personal injuries, a requested instruction charging that the acts of plaintiff made him guilty of contributory negligence barring his recovery, even though defendant was guilty of negligence as alleged, invaded the province of the jury and its refusal was proper. p. 617.

From Floyd Circuit Court, *William C. Utz*, Judge.

Action by Benjamin Adams against the American Car and Foundry Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*M. Z. Stannard* and *Jonas G. Howard, Jr.*, for appellant.
*Evan B. Stotsenburg* and *John H. Weathers*, for appellee.

SPENCER, J.—Action by appellee to recover for personal injuries. The court overruled a demurrer to an amended third paragraph of complaint. Answer in general denial. Trial by jury. Appellant's motion for judgment on the answers to interrogatories overruled. Motion for a new trial overruled. Judgment in favor of appellee on a general verdict.

Errors assigned are: (1) Overruling appellant's demurrer to the amended third paragraph of complaint; (2) overruling appellant's motion for judgment on the jury's answers to interrogatories; (3) overruling motion for a new trial.

The amended third paragraph of complaint, on which this case was tried, alleges that defendant is a corporation owning and operating a factory in Clark county, Indiana, engaged in building freight- and passenger-cars, and employing a large number of men; that on March 2, 1907, plaintiff was employed by defendant as a common laborer in said factory; that defendant owned a "punching" machine, and operated it in its said factory to drill holes in iron and steel plates; that said machine consisted, among other mechanisms, of a die, a flywheel five feet in diameter, and four cogwheels, with a board on either side of said machine, forming a trough to catch waste oil, etc., making it necessary frequently to "wipe off" or clean said boards, which brought the hand of the operator in close proximity to said cogs, and making it a dangerous task; "that a guard could have been placed on and around said cogs so as to have prevented the hand of an operator cleaning said machine from coming in contact with and being drawn into said cogs; that said cogs could have been properly guarded without any interference with the proper operation of said machine, and said guard would have prevented any injury from said danger from said cogs while cleaning said machine as aforesaid, for the reason that said guard would have prevented the waste

plaintiff was using, as heretofore alleged, and plaintiff's hand from being caught and drawn into said cogs; plaintiff says that defendant then and there, well knowing that said cogs had not been guarded, negligently failed to provide a guard for said cogs and to so guard the same, in violation of the statutes of the State of Indiana then in force relative thereto; that by reason of defendant so negligently failing to guard said cogs as aforesaid, this plaintiff was injured as hereinafter set out," that on March 16, 1907, defendant's foreman directed and ordered him to leave his work, and assist one Miller as a helper in operating said "punching machine", subject to the orders and directions of said Miller; that just before noon on said day Miller ordered plaintiff to assist him in wiping off and cleaning said machine, while said machine was in motion; that, in obedience to said orders and directions, plaintiff took a piece of waste, provided by defendant for this purpose, and proceeded to wipe off and clean said machine, by cleaning the boards forming the trough of said machine; that while so wiping off or cleaning said trough, because of the failure of defendant to guard the aforesaid cogs of said machine, the same being exposed, the waste held in plaintiff's hand was caught by the cogs, drawing his right hand into said cogwheels, whereby his said hand was lacerated, mashed and mangled, two of his fingers were torn off, and he was thereby crippled, maimed and injured, and became permanently crippled, causing him great bodily and mental distress, and diminishing his power to earn money, etc.

Appellant earnestly insists that its demurrer to the amended third paragraph of the complaint should have been sustained, for the reason "that the complaint

1. affirmatively declares the appellee to have been guilty of contributory negligence." We do not think the complaint affirmatively shows contributory negligence on the part of appellee.

2. Appellee contends, also, that the complaint is defective, in that it alleges that appellee was not acting within the scope of his employment, and that he was acting under orders of a fellow servant.

The complaint charges that plaintiff was "a common laborer in and about defendant's factory." We take this to mean that his services were subject to orders of his foreman, "that he was ordered by one of the foremen of the defendant, who represented the defendant in that behalf, to leave the work in which he was engaged and to thereafter assist Miller in operating said 'punching' machine as a helper, * * * that while he was so helping and assisting said Miller he was subject to his orders and directions, * * * Miller ordered plaintiff to assist him in wiping off and cleaning said machine," etc. This is a specific charge which we think is a complete answer to appellant's contention on this point.

3. Appellant contends further, that the complaint is insufficient because of a failure to allege some duty owing by appellee to appellant. The complaint charges the violation of a duty imposed on appellant by statute. The statute referred to is §9 of the act of 1899 (Acts 1899 p. 231, §8029 Burns 1908), the title to which, in part, is in these words: "An act concerning labor, and providing means for protecting the liberty, safety and health of laborers, providing for its enforcement," etc. Section 9, so far as it relates to our subject, provides that "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set screws, and machinery of every description therein [manufacturing, etc., establishments] shall be properly guarded."

The court did not err in overruling the demurrer to the complaint.

Contributory negligence is a matter of defense, and may be proved under the answer of general denial. §362 Burns 1908, Acts 1899 p. 58. It is not necessary that plaintiff

should allege or prove a want of contributory negligence. This burden rests on defendant. *Chicago, etc., R. Co.* v. *La Porte* (1904), 33 Ind. App. 691, 71 N. E. 166; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, 73 N. E. 816; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918, 66 N. E. 742; *Pittsburgh, etc., R. Co.* v. *Cozatt* (1907), 39 Ind. App. 682, 79 N. E. 534. The burden of proving contributory negligence was on appellant, consequently we cannot say that from the evidence the jury was not warranted in finding that appellee was free from contributory negligence in permitting the waste used in cleaning the machine to come in contact with the revolving cogwheels. *American Car, etc., Co.* v. *Vance* (1912), 177 Ind. 78, 97 N. E. 327. "The master having subjected the servant to the command of another without information or caution with respect to all such obligations as the master owes, the other stands in the master's place, and this is so notwithstanding the two servants are, as regards the common employment, fellow servants." *Atlas Engine Works* v. *Randall* (1885), 100 Ind. 297, 50 Am. Rep. 798.

The statute does not describe the manner of guarding machines, consequently, what shall constitute a proper guard is a question of fact to be determined by the jury from the character of the particular machine and the dangers to be avoided. The fundamental purpose of the factory act was to protect workingmen against avoidable dangers. The breach of duty was sufficiently alleged in the complaint. *Green* v. *American Car, etc., Co.* (1904), 163 Ind. 135, 71 N. E. 268; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996; *National Drill Co.* v. *Myers* (1907), 40 Ind. App. 322, 81 N. E. 1103; *United States Furniture Co.* v. *Taschner* (1907), 40 Ind. App. 672, 81 N. E. 736.

The second assignment of error alleges that "the court

erred in overruling appellant's motion for judgment on the jury's answers to the interrogatories.'' We understand the rule to guide us in the determination of this question to be, ''that special findings of a jury control the general verdict only where irreconcilable therewith, and the antagonism must appear on the face of the record beyond the possibility of removal by any evidence legitimately admissible under the issues.'' *American Car, etc., Co.* v. *Vance, supra.* See, also, *Indianapolis St. R. Co.* v. *Hockett* (1903), 161 Ind. 196, 67 N. E. 106; *Chicago, etc., R. Co.* v. *Leachman* (1903), 161 Ind. 512, 69 N. E. 258.

''In determining this question, we may look only to the complaint, answer, the general verdict, the interrogatories and the answers thereto.'' *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538. See, also, *Grass* v. *Fort Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 400, 81 N. E. 514.

From a summary of the jury's findings, the following facts are disclosed: That the ''punching'' machine was inclosed by a fence made of iron pipes, except the east side thereof; that said fence consisted of upright posts affixed to the shop floor, supporting sections of iron pipes passing laterally around three sides of the machine; that said fence was sufficient to prevent persons from coming in contact with the cogs, so long as they remained outside the fence, but was not a guard for employes whose duty it was to go within said fence; that said machine had two sets of gearings, consisting of cogwheels affixed to an iron shaft which revolved rapidly by means of electric power, controlled by a switch-board located near the machine; that said cogwheels were unprotected; that it was the duty of the operator to turn off the power at the switch-board twenty minutes before 12 o'clock each Saturday, go within said fence, and ''wipe off'' the oil from said machine, with certain waste provided by appellant; that it

usually took from five to seven minutes for said machine to run down after turning off the power; that Miller, the operator of the machine, under whose orders appellee was working, ordered appellee to go within said railing or guards and wipe the oil off of said machine, and while complying with the operator's instructions, waste which he held in his hand while wiping off the oil was caught in the unguarded cogs, resulting in the injuries to appellee. Such antagonism does not appear on the face of the record between the special findings of the jury and the general verdict that would warrant a reversal.

Appellant insists, in support of its motion for a new trial, that the verdict is not sustained by sufficient evidence. An examination of the record shows evidence tending to support each allegation of the complaint, and as it is the function of the jury to determine the credibility of the witnesses, and to weigh the evidence, this court is not warranted in setting aside a verdict on such grounds.

The evidence was not materially conflicting, and shows that appellant is engaged in building freight- and passenger-cars at Jeffersonville, Indiana; that it owned and operated a large number of machines in its factories, among which was an "E. F. Punching Machine", used for punching holes in iron plates; that said machine was operated by an electric motor, was seven feet long and eight feet high, and was made of metal; that a platform and rollers extended in front of the machine over which the head holding the punch worked up and down; that there were two cogwheels in the back and two in the center of the machine, from four inches to two feet and four inches in diameter, and four inches across the face, and revolved with great rapidity when the machine was in operation; that said cogwheels were unguarded; that there was a guard around and apart from the whole machine, except the east side thereof, consisting of an iron railing three feet high, in the

nature of a fence, but did not cover the cogs; that a motor was stationed alongside of the small cogs; that said cogs were one and a half feet above the platform; that it was necessary to use oil on said machine; that on the day of the injury appellee was working as a helper at said machine, assisting one Miller, the operator, and working subject to his orders; that as the helper, appellee was required to assist in cleaning said machine on Saturday; that it was the practice to begin cleaning said machine twenty minutes before twelve o'clock, the operator taking one side and the helper the other side of the machine; that on said day Miller turned off the power as aforesaid, and ordered appellee to get some waste material and proceed to wipe off one side of the machine, and directed him how and where to work; that while wiping off the board or table of said machine the waste caught in the unguarded cogs, drawing his hand within them, and cutting off his fingers; that there were no guards where the waste caught in the cogs; that the cogs could have been properly guarded; that appellant's foreman gave appellee no instructions how to work, did not caution him as to the dangers arising therefrom, but told him to work subject to the orders of Miller. We think this evidence is sufficient to sustain the verdict.

Appellant assigns error in giving instruction four, in that it failed to include the necessary element that appellee was acting within the scope of his employment. The evidence shows, without dispute, that he was working within the scope of his employment, hence the failure to include this element in the instruction, if error, was harmless, and cured by the other instructions given. Instructions are considered with reference to each other, and as an entirety, and not separately or in dissected parts.

If the instructions as a whole correctly and fairly present the law to the jury, even if some particular instruction, not explained or qualified by others, may be erroneous,

it will afford no ground for reversal, when it appears that the substantial rights of defendant were not prejudiced thereby. The defect in this instruction furnishes no ground for reversal. *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320; *Deilks* v. *State* (1895), 141 Ind. 23, 40 N. E. 120; *Newport* v. *State* (1895), 140 Ind. 299, 39 N. E. 926; *Osburn* v. *State* (1905), 164 Ind. 262, 270, 73 N. E. 601; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494.

Appellant contends that the court erred in refusing to give instruction twelve, tendered by appellant. In substance, this instruction charged that the acts of appellee made him guilty of contributory negligence, barring his recovery, even though appellant was guilty of negligence as alleged. This invaded the province of the jury, and took from its consideration the question of contributory negligence as a fact to be determined, and made it a question of law. The instruction was clearly erroneous. *Wortman* v. *Minich* (1901), 28 Ind. App. 31, 62 N. E. 85.

We find no error in the record warranting a reversal. Judgment affirmed.

Note.—Reported in 99 N. E. 993. See, also, under (1) 26 Cyc. 1384; (3) 26 Cyc. 1392; (4) 26 Cyc. 1399, 1419; 29 Cyc. 575, 601; (5) 26 Cyc. 1316; (6) 26 Cyc. 1463; (7) 28 Cyc. 1927; (10) 3 Cyc. 349; (11) 26 Cyc. 1441; (12) 38 Cyc. 1809; (13) 38 Cyc. 1778; (14) 26 Cyc. 1482. As to the doctrine of assumption of risk and contributory negligence in the law of master and servant, see 97 Am. St. 884. As to the liability of a master to his employe for injuries resulting from defective appliances, see 98 Am. St. 289. As to who are fellow servants and who is a vice-principal, see 67 Am. Dec. 588; 75 Am. St. 584. For common practice as the measure of master's duty to guard machinery, see 16 L. R. A. (N. S.) 140. As to what is comprehended in expression "machinery of every description" in statutes imposing duty on master as to placing guards, see 30 L. R. A. (N. S.) 36. The authorities on a servant's right of action for injuries received in obeying the direct command are collated in 48 L. R. A. 753; 30 L. R. A. (N. S.) 436. On the question of common employment, apart from statute, where no question as to vice-principalship, see 50 L. R. A. 417. For vice-principalship as consid-

ered with reference to rank of superior servant, see 51 L. R. A. 513. On the question of vice-principalship as determined with reference to character of act causing injury, see 54 L. R. A. 37. For servant's contributory negligence, generally, see 33 L. Ed. (U. S.) 656.