Gary Garage, etc., Co. *v.* People's, etc., Bank—85 Ind. App. 611.

### GARY GARAGE AND SALES COMPANY *v.* PEOPLE'S CO-OPERATIVE STATE BANK, ADMINISTRATOR.

[No. 12,643.    Filed February 18, 1927.]

1. TRIAL.—*Answers to interrogatories, when control general verdict.*—Answers to interrogatories control the general verdict only where irreconcilable therewith, and the antagonism must appear on the face of the record beyond the possibility of removal by any evidence legitimately admissible under the issues.    p. 612.

2. DEATH.—*Answer to interrogatory that mother had not relinquished her right to services of her sixteen year old boy held not to control verdict finding that he had been emancipated.*—In an action by an administrator for the death of a sixteen year old boy, alleged to have been emancipated, answers to interrogatories that the boy lived with his mother, to whom he gave and contributed all his money, and that she had not relinquished her right to his services, would not overcome the general verdict which implied that he had been emancipated, as the evidence may have been such as justified the finding notwithstanding the fact that the mother had not relinquished her right to his services.    p. 612.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by the People's Co-operative State Bank as administrator of the estate of Arja Jones, deceased, against the Gary Garage and Sales Company and others. From a judgment for the plaintiff, the named defendant appeals.    *Affirmed.*    By the court in banc.

*Sheehan, Lyddick & Sharavsky,* for appellant.

*John A. Bloomington* and *Glenn D. Peters,* for appellee.

NICHOLS, J.—Action by appellee against appellant and two other defendants, as to whom the action was dismissed during trial. The cause was tried before a jury, on a complaint containing seven paragraphs, alleging in various ways negligence of appellant in the operation and construction of an elevator in a garage,

612    APPELLATE COURT OF INDIANA,

Gary Garage, etc., Co. *v.* People's, etc., Bank—85 Ind. App. 611.

which broke and parts of the elevator fell and struck appellee's decedent, who was of the age of seventeen years, killing him. The complaint alleged that the decedent was emancipated, and suit was brought by the administrator of his estate for damages inuring to his next of kin.

There was a general verdict for appellee for $3,050, with answers to interrogatories which found, *inter alia,* that the decedent was in the basement to secure his own property; that he was sixteen years old plus, when killed; earning $60 per month, and living with his mother, to whom he gave and contributed all of his money, and that she had not relinquished her right to the services of her son.

Appellant's motion for judgment in its favor notwithstanding the general verdict, and its motion for a new trial, were each overruled, after which judgment was rendered on the general verdict for appellee, from which this appeal, appellant assigning as error the action of the court in overruling its motion for judgment *non obstante,* and its motion for a new trial.

Appellant presents that it appears by the jury's answers to interrogatories that the decedent's mother had not relinquished her right to his services, and that, therefore, such answer is in irreconcilable conflict with the general verdict which found that the decedent had been emancipated.

It is the well-established rule that the special findings of a jury control the general verdict only where irreconcilable therewith; and the antagonism must appear on the face of the record beyond the possibility of removal by any evidence legitimately admissible under the issues. *American Car, etc., Co.* v. *Adams* (1912), 178 Ind. 607, 99 N. E. 993. Under the averment that the decedent had been emanci-

pated, it might have been shown in proof thereof that he secured his own job, contracting for the wages that he should receive, collected his own wages without hindrance by his parents, and did with his money as he pleased, giving it to his mother when he chose so to do.   That the mother never restricted him in the use of his earnings.   That he was at the garage at the time he was killed for the purpose of getting an automobile which he had purchased without consulting his mother, and without any objection from her.   That his father had released his earnings.   On such evidence, the jury might have found that he was emancipated, notwithstanding the fact that it found that his mother had not affirmatively relinquished her right to his services.

Counsel for appellee have challenged the sufficiency of appellant's brief to present any question as to the instructions, in that, they are not shown to be in the record.   Nor does it appear that the evidence was brought into the record by a bill of exceptions.   But, notwithstanding these challenges, we have carefully examined the purported instructions and evidence, and we have no hesitation in saying that even if the instructions were shown to be in the record, they would present no reversible error, and that the purported evidence, as it appears in the record, is ample to sustain the general verdict.   The court did not err in its rulings.

Judgment affirmed.

McMahan, C. J., not participating.

Dausman, J., absent.