*F. H. Louden,* for appellee.

--------●--------

## McCorkle et al. *v.* Simpson.

Instructions to Jury.—*Evidence.*—A court may refer to the evidence in a cause and present it to the jury in the summing up and charge, but the court should not show to the jury any leaning in favor of one of the parties.

APPEAL from the Vanderburg Circuit Court.

Downey, J.—This was an action by the appellee against the appellants, to recover the amount of a bill of lumber furnished for the erection of a public school building, for the building of which McCorkle and Strong, two of the defendants, were contractors, and to enforce a lien for the amount due. The answer was, first, the general denial, and, second, payment. Reply in denial of the second paragraph of the answer. There was a trial by jury, a verdict for the plaintiff, a motion for a new trial overruled, and judgment on the verdict. The errors assigned involve the correctness of the ruling of the circuit court in refusing to grant a new trial. The evidence and instructions of the court to the jury are in the record by a bill of of exceptions. The controversy was narrowed down to a

few items or points by admissions made by the defendants upon the trial. One of these disputed questions was, whether the lumber was to be paid for in cash or only half cash and the other half in city bonds or orders. Upon this question the testimony of the plaintiff, Simpson, was that he sold the lumber for cash—sold below the market price because he was to get cash; that McCorkle said he was to take one-half in city bonds, but no difference, his was to be cash. McCorkle testifies, that Simpson agreed to take one-half of his pay in city bonds and one-half cash; that the bonds were worth only ninety cents to the dollar, and that Simpson refused to take them. One Rechtin, a witness for the defendants, testified that Simpson told him that he was to get one-half cash and the other half in city bonds or orders; that he was getting exactly such pay as McCorkle took from the city.

On this point the court instructed the jury as follows:

In reference to the manner in which the lumber was to be paid for, the plaintiff testifies that he sold the lumber below the market for the purpose of getting cash, while the defendant testifies that he was to pay for the lumber one-half in cash and one-half in city bonds worth less than cash, and you will have to determine between them. [The counsel for the defendant, interrupting, said, "Will your Honor tell the jury that the defendant is corroborated by Theodore Rechtin?" to which the court replied, and proceeded:] Yes, corroborated after a fashion; but about all Rechtin's testimony amounted to was, that Simpson said he was to take the pay for the lumber as McCorkle got it; that is, he first said Simpson said he was to take pay half cash and half city bonds, and then said Simpson said he was to take the pay just as McCorkle got it; but (the court proceeded) you will bear in mind that testimony of admissions and statements made a long time ago are to be taken with much allowance and great caution. The recollection of third parties, who had no interest in the subject, as to what was said a great while ago, is not so likely to be correct as is that of the par-

ties to the transaction themselves, who are interested and have reason to remember. The plaintiff and defendants being interested, their recollection of what was said and done is much more likely to be correct.

It seems quite plain to us that the jury must have understood from the form and manner of this instruction that they were to give little or no weight to the evidence of Rechtin. While we do not doubt that the court may refer to the evidence in the case and present it to the jury in the summing up and charge, we think it very clear that the court should not show to the jury, as was done in this case, its leaning in favor of one of the parties. It was not for the court to say how far the evidence of Rechtin corroborated that of McCorkle, or whether it corroborated him to any extent. When the attention of the court was called to the testimony of Rechtin as corroborative of that of McCorkle, the court remarked, "Yes, corroborated after a fashion," and proceeded to impress upon the jury that they were to take his testimony "with much allowance and great caution." We think in this that the learned judge invaded the province of the jury, and in all probability controlled their action on this point to the injury of the defendants. *Shank* v. *The State*, 25 Ind. 207.

There are some other parts of the somewhat singular charge given by the court to the jury in the case, which might be very fairly criticised, but we need not present them, as the judgment must, for the reason already given, be reversed.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*A. Iglehart* and *J. E. Iglehart*, for appellants.