Comstock v. Whitworth.

No. 7202.

COMSTOCK v. WHITWORTH.

PRACTICE.—*Default Set Aside.*—*Trial Granted.*—*Finding and Judgment in Favor of Defaulting Party.*—*Former Judgment not Reinstated for Technical Defect.*—Where a defendant appeared by attorney and filed a sworn plea, but failed to appear on the day set for trial, and his attorney withdrew his appearance and permitted judgment to be entered by default, and within four days thereafter defendant appeared and had the default set aside, and upon trial of the action prevailed, the Supreme Court can not say that the trial court erred in granting the trial for the excuse given by the defendant, nor will it, on a technical defect in the showing, order the original judgment reinstated.

SAME. — *Instruction.* — *Statement of True Issue.* — Where an instruction, taken in connection with others given, fairly and clearly stated the true, if not the technical, issue between the parties, it will not be regarded by the Supreme Court as error.

SAME.—*Instruction.*—*Assuming Facts.*—*Corroborating Evidence in Support of Witness.* — *Weight of Evidence.* — *Province of Jury.* — An instruction which states that there is a conflict in the evidence, and undertakes to give a summary of the testimony, is calculated to produce an impres-

VOL. 75.—9

sion on the minds of the jury unjust to one party or the other; and if it affirm, or even assume, that credit must be given to the witness who is best, or apparently best, supported by corroborating evidence, without the qualification that they are the exclusive judges of the weight of evidence, the credibility of the witnesses, and the inferences of fact to be drawn from the proofs, it is erroneous.

From the Delaware Circuit Court.

*W. Grose*, for appellant.

*M. Forkner* and *W. March*, for appellee.

Woods, J.—It is claimed that the circuit court erred in setting aside a default and judgment thereon which had been rendered against the appellee, and in overruling the motion of the appellant for a new trial.

The proceeding to set aside the default was had under the 99th section of the code, and was instituted within four days after the rendition of the judgment. The appellee had appeared by attorney, and had answered by a sworn plea, denying the execution of the note sued on, but, not appearing on the day for trial, his attorney withdrew his appearance and permitted the judgment to go by default. The excuse made by the appellee for not attending at the time set for the trial was his own sickness and inability to attend or to communicate with his attorney. The appellant claims that the showing is defective, in that no reason is shown why the appellee could not communicate with his counsel, and procure a continuance, or have the necessary preparations made for proceeding with the trial in his absence. It may be that, if the court had overruled the application, it would have committed no error. *Pate* v. *Tait*, 72 Ind. 450. But the court having set the default aside, and a trial on the merits having resulted in the appellee's favor, we can not, on account of a defect in the showing so technical as this, order the original judgment reinstated. The rule which has been adopted in reference to errors assigned upon the action of the courts, in granting new trials, would seem to be equally

Comstock v. Whitworth.

applicable to the setting aside of a default, of which the practical result is the same. *Rooker* v. *Parsley*, 72 Ind. 497; *Collingwood* v. *The Indianapolis, etc., R. W. Co.*, 54 Ind. 15; *Cronk* v. *Cole*, 10 Ind. 485.

Among the causes stated for a new trial is alleged error in giving instructions. In the sixth instruction given the court said: "It is not claimed by the plaintiff that the defendants Whitworth and Benbow, or either of them, executed the notes, but it is claimed that the defendants McCorkle, Whitworth and Benbow were partners, and that McCorkle executed the notes by signing the firm name of McCorkle & Co. to them." The objection urged is, that this is a misstatement of the issue, and of the plaintiff's claim. The record, however, shows beyond dispute that the parties named had been partners, and that, after the dissolution of the firm, McCorkle executed the notes, signing the firm name. and the point contested at the trial was whether this was done by the authority of the parties named. By this instruction, taken in connection with others which were given, the true, if not the technical, issue of the case was fairly and clearly stated.

The fourteenth instruction is as follows: "In regard to these questions, there is a conflict in the evidence. McCorkle says there was a general understanding that he should borrow money and execute notes, and he claims that, under this arrangement, he did borrow money and give notes, with the knowledge. and approbation of the other defendants. The defendants testify that there was no such arrangement, and that they had no knowledge of such transaction. It is your duty to carefully examine all of the evidence and determine how far either of these witnesses has been corroborated or sustained by the facts proven, and determine which statement is true."

It is almost impossible that such a summary statement of the testimony of the witnesses as is contained in this instruc-

tion should be precisely accurate ; and, if the statement itself were conceded to be correct, yet the danger that it produced an improper impression upon the mind of the jury, unjust to one party or the other, is manifestly great. The grounds of objection to this instruction are substantially the same as those considered in the case of *Canada* v. *Curry*, 73 Ind. 246. Beside stating the testimony of the witnesses, and that there was conflict between them, the instruction assumes, if it does not expressly affirm, that credit must be given to the witness who is best, or apparently best, supported by corroborating evidence. No other instruction was given which was calculated to prevent injury from this one. The jury were not even told that they were the exclusive judges of the weight of the evidence, the credibility of witnesses, and of the inferences of fact to be drawn from the proofs.

The judgment is reversed, with costs, and with directions to grant a new trial