Woods, J.
— Suit by the appellant, claiming as the assignee of William Canada, against the appellee, upon a promissory note, and upon an open account. Issues were joined upon a plea of payment of the note, and by a denial of the account. The questions in the case arise upon the overruling of the appellant's motion for a new trial, which is assigned as error.
The first cause for which'a new trial was asked is the overruling of the motion of the appellant “to strike out the 22(1 interrogatory, and the answer thereto, in the cross-examination of William Canada, as contained in his deposition.” The plaintiff took the deposition of said witness in proof of the items of the account sued on, and in contradiction of the plea of payment of the note. The 21st and 22d questions and answers of the cross-examination are as follows :
“Ques. 21. Where did you go to after leaving Indiana?.
“Ans. I settled in lola, Kansas; I first settled in Erie, near lola, in the spring of 1871; I remained in Kansas till the 10th of last November, farming most of the time, when I came to Kansas City; I have not been back to Indiana since I left; I started to go back, and got this far, and am on my way back; I am going back as soon as I get able.
“Ques. 22. Why did you not go back to Indiana to answer three indictments found against you for forgery, in Delaware county, in said State?
“Ans. There was never but one, that I ever heard of, *248 and that was obtained by false swearing; the reason I have never gone back is because I have never had the means to go back; I have wanted to go back; not only that, I never heal’d of the intention to indict till over a year after I came to Kansas, and the indictment was not 'found until nearly two years after I came to Kansas ; the name which it was claimed "I forged was my partner’s name, but the charge is false. On former occasions I had signed his name, with his consent, and supposed that, as his partner, I had the right to so use his name.’'
The counsel for the appellee undertake to support the latter question and answer on three grounds: First, as “proper, taken in connection with the 21st interrogatory and answer, for the purpose of showing, if it could be done by the witness himself, that the reason he. had given for not returning to the State of Indiana was not the true reason and, Second, that the “interrogatoi’y seems to * * * have been clearly proper as to the credibility of the witness. A conviction of a witness of the crime of forgery may be shown to affect his credibility. If the conviction of a witness may be shown for this purpose, certainly it was competent to show by the witness himself, if it could be done, that he was guilty of a crime which would affect-his credibility and, Third, “conceding that the court erred, * * * the error was harmless, for the answer emphatically denies that the witness had been guilty of forgery, or that the indictment charging him with the commission of such crime influenced him to remain away from the State of Indiana. The appellee was bound by this answer, and the appellant was not bound by it.”
This reasoning is fallacious throughout. It -was entirely immaterial and irrelevant to any issue in the case and to any proper inquiry into the character or credibility of the witness, what may have been his reason for not having returned to Indiana; and, consequently, the volunteered statement of *249 the reason, made in answer to question 21, was no justification for the 22d question, which assumes the existence or finding of three indictments against the witness, and asks him, not, as counsel assume, whether he was guilty, but why he did not go back to answer the indictments. We do not mean to intimate that the question would have been proper, if the witness had been asked if he was guilty as charged, but simply to mark the fact that the question, as asked and answei’ed, has a meaning quite different from that on which counsel predicate their argument in support of it. The evident purpose of the question was to produce in the minds of the jury trying the case the impression that the witness had been three times indicted for forgery, and for that reason had not returned to the State. It is clearly not admissible to impeach a Avitness by proof or suggestion that he has been indicted for any offence. Glenn v. Clore, 42 Ind. 60; Oliver v. Pate, 43 Ind. 132; Smith v. Yaryan, 69 Ind. 445.
It can not be said that the error Avas harmless. Notwithstanding the denial of guilt by the Avitness, and his explanation of the circumstances, there remained his admission that he had been indicted, a circumstance calculated to deeply prejudice the jury against him. While it may be, in a technical sense, that the appellee Avas bound by the ansAver as elicited, the ansAver itself Avas more than the appellee Avas entitled to, and the jury Avas bound by no particular interpretation of the ansAver, nor to any particular inference therefrom. The ruling of the court Avas not onty erroneous, but in all probability prejudicial to the case of the plaintiff.
The other causes assigned for a neAv trial haAe reference to the instructions of the court to the jury ; and some of the points presented are such as ought to be decided, Avhile others will doubtless be avoided, or not arise, on another trial.
In accordance with the request of the appellant, the court gave written instructions. The folloAving instructions and *250 parts of instructions are complained of, as invasions of the court into the province of the jury', viz.:
“12th. The note is not disputed by the defendant, but he, in his evidence, swears that it was fully paid in the hog-transaction. The account the defendant under oath denies.
“13th. William Canada, the assignor, swears the account is just, and the defendant owes it. They differ in their evidence in regard to the balance due the defendant on the hogs, and also in regard to the manner of its application. Other witnesses have been introduced on both sides, tending to corroborate, on the one side, the deposition of William Canada, and, on the other side, the evidence of the defendant. There is a conflict and contradiction of the witnesses,, in the evidence, to an unusual extent, in this case.
“18th. On the second paragraph of the complaint, there is a direct conflict in the evidence of William Canada and the defendant, so far as the account is concerned. You must look to the other evidence to see Avhether there is anything to corroborate either of the Avitnesses in this respect.”
Whether a Avitness has sworn to one thing or another, whether his testimony is in conflict Avith that of another witness, and Avhether the testimony of conflicting witnesses is corroborated on one or both sides or not, are Questions of fact for the jury ; and, under the established rules of practice in this State, defining the respective rights of the judge and jury, the court is forbidden to inter-fere Avith the exclusive right of the jury to determine all such questions. It is often a matter of sharp and doubtful dispute, what the testimony of a Avitness was on a given point, or whether there is conflict and contradiction in the evidence, or Avhether there is corroborating proof on any subject, or Avhat inference may be draAvn from, or supported by, au item of proof; and, if the court is alloAved to indicate to the jury its under-standing of the evidence, or its conclusions therefrom, in reference to these and like questions, the province of the jury becomes *251 diminutively narrow and dependent, while the supremacy of the judge is extended beyond the domain of law, into that of fact, and becomes practically as absolute in one as in the other. It may be that the court said nothing but what was-true in fact, but right there lies the distinction, and it should always be kept clear :■ The court may not state to the jury what is true in fact, but only what is pertinent and true in law. See the following among many cases which might be cited : Conaway v. Shelton, 3 Ind. 334 ; Ball v. Cox, 7 Ind. 453; The Cincinnati, etc., R. R. Co. v. Clarkson, 7 Ind. 595 ; Reynolds v. Cox, 11 Ind. 262; McCorkle v. Simpson, 42 Ind. 453 ; Kintner v. The State, ex rel., 45 Ind. 175 ; Barker v. The State, 48 Ind. 163 ; Hitesman v. The State, 48 Ind. 473 ; Doearing v. The State, 49 Ind. 56 ; Greer v. The State, 53 Ind. 420 ; Chamness v. Chamness, 53 Ind. 301; Matthews v. Story, 54 Ind. 417 ; Keiser v. Lines, 57 Ind. 431; Killian v. Eigenmann, 57 Ind. 480 ; Leasure v. Coburn, 57 Ind. 274 , Ferguson v. Hosier, 58 Ind. 438 ; Cunningham v. The State, ex rel. Zartman, 65 Ind. 377 ; The Lafayette, etc., R. R. Co. v. Murdock, 68 Ind. 137.
The clause quoted supra from the 18th instruction is subject to the further objection that it implies the proposition that the testimony of the defendant and that of William Canada must be regarded as evenly balanced, the one against the other, so far as the account was concerned, and that, if' the juiy could discover corroborating evidence in support of either, they should find accordingly. This was error. The-jury had the right, if they deemed proper, to credit the unsupported testimony of either one of these witnesses over the testimony of the other, though corroborated.
Judgment reversed, with costs.