10,520.

## MOORE *v.* THE STATE.

CRIMINAL LAW.—*Questions of Fact.*—*Jury.*—It is the province of the jury alone to determine questions of fact in a criminal case.

SAME.—*Instructions.*—*Evidence.*—*Presumption.*— *Witness.*—When, in a criminal trial, there has been a conflict of testimony in reference to the time of an occurrence, it is error to instruct that it may be presumed that each witness spoke according to his own timepiece, and that the difference of opinion may be so explained.

From the Posey Circuit Court.

*C. A. DeBruler, E. R. Hatfield* and *A. C. Pitcher,* for appellant.

*F. T. Hord,* Attorney General, and *W. A. Gudgel,* Prosecuting Attorney, for the State.

Woods, C. J.—The appellant was convicted and sentenced to the State prison upon an indictment for robbery.

It is represented to us by counsel for the appellant, and not questioned or denied by the Attorney General, that since the conviction of the appellant the principal witness against him has confessed that his testimony was false, and, upon a plea of guilty, has been sentenced for the perjury to the State prison for the term of fourteen years; and that, upon these facts, the judge of the court below, the prosecuting attorney and others have joined in a recommendation that the judgment against the appellant should be set aside and annulled.

There is manifest error in the record, which requires the reversal of the judgment. In its instructions the court, which was at the time presided over by a judge *pro tempore,* among other things, said:

"There is no dispute about the fact that the great crime of robbery was perpetrated on the person of Doctor Spencer, on the night of the 28th day of January, 1881.

"Some of the witnesses have contradicted other witnesses, and you are to decide whom you will believe or disbelieve.

"There is some conflict of testimony upon the subject of time, and, as there is no evidence of any recognized standard of time for this city at the time of the crime, it may be presumed that each person estimated the time by his own particular timepiece; and this difference of opinion about time may have been caused by the difference of time indicated by different timepieces."

Each of these instructions, and especially the last, was a clear invasion of the province of the jury, to which alone, when the trial is before a jury, it belongs to determine all questions of fact.  *Jackman* v. *State,* 71 Ind. 149 ; *Canada* v. *Curry,* 73 Ind. 246 ; *Comstock* v. *Whitworth,* 75 Ind. 129.

Judgment reversed, and ordered that a new trial be granted, and that the prisoner be delivered to the custody of the sheriff of Posey county.