## Vandalia Railroad Company *v.* Stringer.

[No. 22,352. Filed November 25, 1914. Rehearing denied February 9, 1915.]

1. Master and Servant.—*Injuries to Servant.*—*Complaint.*—*Sufficiency.*—A complaint by a brakeman against a railroad company, alleging that defendant is engaged in interstate commerce, and that plaintiff at the time of the injury was required to ride in the cab of the engine, that by reason of the carelessness and

negligence of defendant's engineer the water in the boiler of the engine became so low that the crown-sheet over the firebox was wholly dry and became extremely hot, that while it was in such condition the engineer negligently injected water into the boiler and onto such crown-sheet, which, by reason of the excessive heat, was immediately converted into steam and produced great noise and explosion by causing such crown-sheet to become loosened and fall, and that plaintiff, believing that the boiler had exploded, or was about to explode, leaped from the cab while the train was going at a rapid speed, and was injured, states a cause of action either under subd. 4, §8017 Burns 1914, Acts 1893 p. 294, or under the Federal Employers Liability Act, §8657 U. S. Comp. Stat. 1913. p. 679.

2. MASTER AND SERVANT.—*Injuries to Servant.*—*Complaint.*—A complaint in a servant's action for personal injuries is sufficient against a demurrer for want of facts, if it states a cause of action under any statute. p. 681.

3. MASTER AND SERVANT.—*Injuries to Servant.*—*Federal and State Liability Acts.*—*Complaint.*—*Reference to Statutes.*—While the Federal Employers Liability Act controls the right of recovery by an employe injured while engaged in interstate commerce, and the State act controls where such employe is at the time engaged in intrastate commerce, though his employer is an interstate carrier, the complaint need not specifically refer to the Federal act in the one case, or to the State act in the other, but should simply plead the facts, and recovery may then be had according to the case developed by the evidence. p. 681.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Trial.*—*Refusal of Instructions.*—Error can not be predicated on the refusal of instructions tendered by defendant in a personal injury case which confined plaintiff's right to recover to the provisions of the Federal Employers Liability Act, where the record discloses that the facts did not show a case within that act, and that the court and the parties treated the action as governed by the State act, §8017 Burns 1914, Acts 1893 p. 294. p. 682.

5. MASTER AND SERVANT.—*Injuries to Servant.*—*Elements of Recovery.*—*Instructions.*—In an action by a railroad brakeman for injuries alleged to have been caused by the negligence of defendant's engineer, an instruction that it was essential for plaintiff to allege and prove a duty owing by defendant, a failure to perform, or an imperfect performance of such duty, and that such failure was the proximate cause of the injury alleged, was not objectionable as permitting recovery if defendant failed to perform any duty, whether alleged as the basis of the action or not, when considered in the light of another instruction stating that plaintiff must prove that he sustained the injuries or

some part thereof as charged in the complaint, as the direct and proximate result of the negligence charged.   p. 682.

6. APPEAL. — *Review.* — *Consideration of Instructions.* — Instructions should be considered as a whole, and, if thus considered, they clearly state the law, error can not be predicated on one, which, standing alone, might seem to be erroneous.   p. 683.

7. APPEAL.— *Review.*— *Evidence.*— *Sufficiency.*— Though the evidence does not make out a case within the Federal Employers Liability Act, a verdict for plaintiff can not be disturbed on the evidence, where it appears that the action was tried under the State statute (§8017 Burns 1914, Acts 1893 p. 294) and the evidence was sufficient thereunder.   p. 684.

8. MASTER AND SERVANT.—*Injuries to Servant.*—*Theory of Trial.* —*Record.*—*Review.*—Under the Federal Employers Liability Act, contributory negligence is no bar to recovery in a servant's action against a common carrier on account of injuries sustained in his employment, hence, where the record on appeal in such an action shows that defendant attacked the sufficiency of the complaint in the trial court on the ground that it showed contributory negligence of plaintiff, and tendered instructions on the subject of contributory negligence, its contention on appeal that the cause was tried on the theory that the Federal act controlled can not prevail.   p. 684.

From Superior Court of Marion County (86,507) ; *Joseph Collier,* Judge.

Action by Nathaniel G. Stringer against Vandalia Railroad Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Samuel O. Pickens, Owen Pickens* and *John G. Williams,* for appellant.

*Wymond J. Beckett,* for appellee.

ERWIN, J.—This action was brought by appellee against appellant on a complaint in one paragraph.   Demurrer of appellant to this complaint was overruled.   An answer in general denial put the case at issue.   Trial by jury which resulted in the return of a verdict for appellee in the sum of $16,500.   A motion for a new trial on the part of appellant was overruled, and judgment entered on the verdict. From this judgment appellant appeals to this court.   The assignments of error not waived present the questions, (1)

overruling the demurrer to the complaint, (2) overruling the motion for a new trial.

The complaint in this case avers that the appellant was a railroad corporation, engaged in interstate commerce and alleges that he, appellee, was injured by reason of the carelessness and negligence of the engineer in allowing the water to become low on the crown-sheet of the locomotive, and then suddenly injecting water into the boiler of said locomotive and causing a sudden and extreme amount of steam to be generated, thus causing the crown-sheet to drop into the fire box and thus caused a loud report and noise, which led appellee to believe he was in danger of great bodily harm, and acting on that belief jumped from the window of said cab and was severely injured; that appellee was a brakeman on appellant's train and that it was his duty, and that he was directed to ride in the cab of said engine, while running.

To this complaint appellant demurred for the reason "that said complaint does not state facts sufficient to constitute a cause of action". The memorandum with said demurrer is to the effect, (1) the complaint does not state a cause of action at common law, because at common law the engineer was a fellow servant of the plaintiff and the defendant is not liable for his negligence, (2) the complaint does not state a cause of action under any statute. In order to state a cause of action based upon a right of action created by statute, the provisions of the statute must be set forth or specific reference made thereto, together with the averment that the plaintiff seeks to recover by virtue of the provisions of such statute, (3) the facts alleged in the complaint show that the plaintiff, by his own negligence materially contributed to his injury.

On the question of the sufficiency of the complaint it is contended that the complaint is bad and that the court committed error in overruling the demurrer thereto because the facts alleged show that the plaintiff's own negligence was the proximate cause of the injury.

The complaint avers that as he was riding in the engine cab, defendant's engineer on said locomotive engine, defendant's agent and servant who was running and operating said locomotive, negligently permitted the water to get and become low in the boiler of said engine; that said engineer negligently permitted the water to get so low that the crown-sheet in said engine above the fire box in said engine, became dry and wholly uncovered with water; that said crown-sheet became extremely hot by reason of its exposure to the heat in said fire box, and while in said heated condition defendant's said engineer turned the water into said boiler and upon said crown-sheet, and that on account of said crown-sheet being heated to such excessive heat the water was instantly converted into steam and thereby caused the crown-sheet to become loosened and drop from its position in said engine, causing a great noise and explosion. And plaintiff says that he believed that said boiler was about to explode, or had exploded, and that he leaped from the window of said cab of said engine in order to save his life; that the said engineer and also the fireman upon said engine leaped from said locomotive at the same time, believing as did this plaintiff that said locomotive had exploded, or was about to explode; and plaintiff says that when he leaped from said cab window as aforesaid, it was in the nighttime and dark, and that said train was running upon defendant's track at said time, and near the town of Farmers, upon the Vincennes division of defendant's said line of railroad; and that said locomotive was running about fifty miles an hour, when he leaped from said cab window, as aforesaid. And plaintiff says that he was injured and caused to be injured as aforesaid by reason of the said negligence of said engineer in permitting the water to become too low in said locomotive boiler and thereby exposing said crown-sheet to great heat and by negligently turning the water into said boiler and upon said crown-sheet while said crown-sheet was in said highly heated condition, and thereby causing said boil-

er to explode and blow down the crown-sheet of said locomotive, and thereby frighten this plaintiff and caused him, as aforesaid to believe that said locomotive had exploded, or was about to explode, and thereby leap from said locomotive to save his life. The averments of the complaint state a cause of action either under the statutes of this State (subd. 4, §8017 Burns 1914, Acts 1893 p. 294); *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033, or under the Federal Employers Liability Act (Act April 22, 1908, c. 149, §8657 U. S. Comp. Stat. 1913).

Where the complaint states a cause of action, under any statute it will be good as against a demurrer, for want of facts. *Southern R. Co.* v. *Howerton* (1914), *ante*

2. 208, 105 N. E. 1025, 106 N. E. 369; *Southern R. Co.* v. *Ansley* (1910), 8 Ga. App. 325, 330, 68 S. E. 1086.

It is settled by the decisions of the Supreme Court of

3. the United States that where employes of an interstate railroad are injured while engaged in such interstate commerce that the Employers Liability Act of April 22, 1908, supersedes State laws upon the subject and controls the recovery. *Missouri, etc., R. Co.* v. *Wulf* (1913), 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914 B 134. It is also well settled by the authorities that where an employe of an interstate railroad is injured, but at a time when said employe was not engaged in interstate traffic a recovery may be had, if at all either under the common law or some state statute. Therefore in stating that the action must be brought and recovery had under the state law where the injury occurs in intrastate commerce, or under the Federal act where the injury occurs in interstate commerce, it is not meant to say that the plaintiff shall specifically plead or refer to the state statutes in the one case or to the Federal act in the other. The proper procedure is to plead the facts, and a recovery may then be had accordingly as the evidence may develop a case under the one law or the other. *Missouri, etc., R. Co.* v. *Wulf, supra; Ul-*

*rich* v. *New York, etc., R. Co.* (1912), 193 Fed. 768; *Jones* v. *Chesapeake, etc., R. Co.* (1912), 149 Ky. 566, 149 S. W. 951, 953; *Southern R. Co.* v. *Ansley, supra; St. Louis, etc., R. Co.* v. *Searle* (1913), 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914 C 156; *Southern R. Co.* v. *Howerton, supra; Wabash R. Co.* v. *Hayes* (1914), 234 U. S. 86, 34 Sup. Ct. 729, 58 L. Ed. 1226.

Appellant insists that the court erred in refusing to give certain instructions tendered by it. The instructions tendered and refused each confined the right to recover to the provisions of the Federal Liability Act. The facts in this case do not bring this case within the provisions of that act; in fact there is no evidence which would authorize a recovery under that act, but all the facts show that this cause is governed by the provisions of the employ-. ers act approved March 4, 1893, §8017 Burns 1914, *supra.* It appears from the record that all the parties to the action so treated it. The court in its instructions treated this cause as one governed by the State employers law, *supra;* instruction No. 15 being as follows: "If you find from the evidence, that the plaintiff was placed in a position of sudden and great peril, *by reason of the alleged negligence of the defendant's engineer, in charge of the locomotive engine as charged in the complaint,* [our italics] and that the plaintiff in attempting to make his escape therefrom, acted as a person of ordinary prudence would have acted under the same or similar circumstances then present, you would be at liberty to find the plaintiff free from negligence, although you also find from the evidence that if he had not attempted to effect his escape, he would not have been injured."

Appellant complains of instruction No. 6 given by the court, because it claims that in effect it told the jury that if defendant failed in the performance of any duty it owed the plaintiff, it would be liable, without limiting such duty to the duty alleged in the complaint, or

arising out of the facts alleged in the complaint; or that an imperfect performance of any duty would render it liable, whether alleged as the basis of the action or not. To properly understand instruction No. 6 it should be read in connection with instruction No. 5 given in this cause. Instructions Nos. 5 and 6 are as follows: "5. In an action to recover damages for injuries to the person on account of alleged negligence of another, it is essential for the plaintiff in such action to allege and prove by a fair preponderance of the evidence each of the following propositions: (1) That the plaintiff sustained the injuries or some part thereof, to his damage, as charged in the complaint. (2) That the defendant's engineer in such action was guilty of the negligence charged, and that such negligence was the direct and proximate cause of the injuries alleged. (3) That the plaintiff sustained the damage charged in the complaint, by reason and as a direct and proximate cause of the injuries alleged. 6. And also in such an action it is essential for the plaintiff therein to allege, and by a fair preponderance of the evidence prove, each of the following propositions, (1) A duty owing by the defendant in such action, to the plaintiff therein, or facts and circumstances from which such duty can properly be inferred. (2) A failure in the performance, or an imperfect performance of any such duty on the part of the defendant. (3) That any such failure of performance, or imperfect performance, of any such duty, was the direct and proximate cause of the injury alleged." We are of the opinion that instruction No. 6 is not open to the infirmities claimed by appellant. Instructions should be considered as a whole, and when

6. so taken clearly state the law, there can be no error predicated upon the giving of an instruction, which, standing alone, might seem to be erroneous. *Springer* v. *Bricker* (1905), 165 Ind. 532, 76 N. E. 114; *American Car, etc., Co.* v. *Adams* (1912), 178 Ind. 607, 99 N. E. 993; *Terre Haute, etc., Traction Co.* v. *Maberry* (1913), 52 Ind. App. 114, 100 N. E. 401.

It is contended by appellant that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, (1) on the grounds that it fails to show that appellant and appellee, at the time of the injury, were engaged in interstate commerce; (2) that the evidence shows that the plaintiff's negligence was the proximate cause of the injury. It is insisted that this action was brought and prosecuted to final determination under the Federal statute. If this were true the evidence would be insufficient. But it is contended by appellee and rightly we think, that this action was tried wholly under the statute of this State, which is only superseded by the Federal act, when dealing with interstate commerce. The facts in this case sustain the complaint and there being no reversible error the judgment is affirmed.

## ON PETITION FOR REHEARING.

ERWIN, C. J.—It is strenuously insisted by appellant that this court erred in holding that the complaint in this case states a good cause of action under the statutes of this State; and in holding that the case was treated by all parties thereto, as an action under the law of this State and not under the Federal liability act of 1908.

In the memorandum to its demurrer to the complaint appellant assigned as one of the grounds of demurrer that "the facts alleged in the complaint show that the plaintiff, by his own negligence, materially contributed to his injury." At the close of the evidence appellant tendered six instructions, the fifth of which is as follows: "While, under the law of this State the burden is upon the defendant to prove that the plaintiff was guilty of negligence contributory to his injury, yet under the law the defendant is not required to show by direct and affirmative evidence that the plaintiff was guilty of such contributory negligence, but if, from all the facts and circumstances proved in the case, whether such proof is offered by the plaintiff or by the defendant,

and from all reasonable inferences which may be drawn from the facts and circumstances proved, you believe that the plaintiff was guilty of negligence proximately contributing to his injury, he can not recover and your verdict should be for the defendant." The court of its own motion gave, with others the following instruction: "Under the issues thus joined the burden of proof rests upon the plaintiff to prove the material allegations of complaint by a fair preponderance of the evidence adduced. If the plaintiff has failed to prove the material allegations of the complaint by a fair preponderance of the evidence then he would not be entitled to recover. But if on the other hand the plaintiff has proved the material allegations of the complaint by a fair preponderance of the evidence he would be entitled to recover, and your verdict may be in favor of the plaintiff, unless you also find from all the evidence adduced, that the plaintiff was guilty of negligence, which proximately contributed to the injury complained of, and in that event, plaintiff would not be entitled to recover."

The Federal statute expressly provides that contributory negligence shall not bar a recovery. That "In all actions hereafter brought against such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employe, or where such injuries have resulted in his death, the fact that the employe may have been guilty of contributory negligence shall not bar a recovery * * *". §8659 U. S. Comp. Stat. 1913, Act April 22, 1908, C. 149, §4.

Petition for rehearing overruled.

Note.—Reported in 106 N. E. 865; 107 N. E. 673. Pleading Federal Employers Act, see Ann. Cas. 1914 C 171. See, also, under (1) 26 Cyc. 1392; (2, 3) 26 Cyc. 1392; (4, 5) 26 Cyc. 1491; (6) 38 Cyc. 1778; (7) 26 Cyc. 1516; (8) 26 Cyc. 1229.