LIVINGSTON *v.* RICE.

[No. 14,285.  Filed March 8, 1933.]

Fenton, Steers, Beasley & Klee and Wray & Sullivan, for appellant.

Chauncey W. Duncan and Elmer E. Bassett, for appellee.

BRIDWELL, J.—This appeal is from a judgment in favor of appellee against appellant in an action brought by the appellee to recover damages for personal injuries sustained by him and alleged to have been caused by the negligence of appellant. An answer of general denial was filed to the complaint. The cause was submitted to a jury for trial, resulting in a verdict for appellee in the sum of $3,000 upon which the judgment was rendered. Appellant filed motion for a new trial which was overruled, and appellant reserved an exeception to this ruling of the court and perfected this appeal assigning as error the overruling of his motion for a new trial.

Among the causes stated as reasons why a new trial should have been granted are alleged errors in the giving of certain instructions to the jury by the court on its own motion, and the refusal to give certain other instructions tendered by appellant. The only questions presented for our determination relate to the action of the court in regard to instructions, as no other errors claimed in the motion for a new trial are discussed in appellant's brief. It is contended that the court erred in giving each of its instructions numbered 15, 19, 20, 21 and 28, and erred in refusing to give each of appellant's tendered instructions numbered 26, 27, 28, 29 and 33.

Instruction number 15 is as follows: "There are several different charges of negligence in plaintiff's complaint and I instruct you that it is not necessary for plaintiff to prove all the negligent acts so charged; but if one act of negligence, so charged,

is proven by a fair preponderance of all the evidence and that said negligent act was the proximate result of plaintiff's injuries, and that the plaintiff was not guilty of contributory negligence which was the proximate cause of the injuries, then your verdict should be for the plaintiff." It is contended that this instruction is erroneous because it places upon appellant the burden of proving that appellee's negligence was the proximate cause of his injuries. If this instruction stood alone and none other had been given on the subject of contributory·negligence, the giving of such instruction would be available error, as it is well settled that any negligence on the part of the injured party which helped to bring about and cause the injury complained of, precludes such party from recovering damages on account of any such injury. The court, in addition to instruction 15 above set out, gave to the jury several other instructions relevant to this matter. By instruction eight the jury was informed that "contributory negligence is such negligence on the part of the plaintiff, as helps to produce or cause the injuries complained of, and if you find from a fair preponderance of the evidence, in this cause, that the plaintiff was guilty of *any* negligence *however slight* that helped or caused to bring about or produce the injuries complained of, then, in that case, plaintiff cannot recover in this action." Instruction nine given, is as follows: "If you find from the evidence that the plaintiff and defendant were both guilty of negligence proximately contributing to, or causing the injuries complained of, then, and in that case, there can be no recovery in this action and your verdict should be for the defendant." Instructions 12, 24, 25 and 26 given by the court, were also instructions to the same general effect.

In considering an instruction given, for the purpose of determining if the action of the court, in giving it, con-

stitutes reversible error, the initial point of inquiry is, was the jury misled? *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 74 N. E. 509; *Grand Trunk, etc., R. Co.* v. *Cather* (1929), 92 Ind. App. 563, 167 N. E. 551. Instructions are considered with reference to each other, and as an entirety, and not separately or in dissected parts; and if the instructions as a whole correctly and fairly present the law to the jury, even if some particular instruction, or some instruction standing alone, or taken abstractly, and not explained or qualified by others, may be erroneous, the cause will not be reversed. *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Sterling* v. *Frick* (1908), 171 Ind. 710, 86 N. E. 65, 87 N. E. 237; *Vandalia R. R. Co.* v. *Stringer* (1914), 182 Ind. 676, 106 N. E. 865, 107 N. E. 673; *Evansville Gas, etc., Co.* v. *Robertson* (1913), 55 Ind. App. 353, 100 N. E. 689; *Vandalia R. R. Co.* v. *Fry* (1919), 70 Ind. App. 85, 123 N. E. 124; *Grand Trunk, etc., R. Co.* v. *Cather, supra.* When we consider instruction 15 in connection with the other six instructions hereinbefore last mentioned, we are of the opinion that the giving of said instruction 15 was not such an error as to require a reversal of judgment in this cause. See *Vandalia R. R. Co.* v. *Fry, supra; Grand Trunk, etc., R. Co.* v. *Cather, supra.*

It is claimed that instruction 19 is erroneous because it left to the jury the determination of a matter of law. This instruction after quoting a part of Sec. 10142.4, Burns Ann. St. Supp. 1929, the statute in force at the time of the accident concerning "reckless driving," told the jury that "the violation of this statute is prima facie negligence and unless you find from the evidence that the driver had a reasonable excuse for so driving or that his acts were justified, that is, in the exercise of due care on the part of the defendant, it was proper for him to drive on such left side, such driving is negligence." There is evidence in the record at

least tending to establish that as appellant was driving his automobile along the highway over which appellee was attempting to cross on foot when the accident occurred, that each saw, and tried to dodge or avoid the other. This instruction was applicable to the evidence and in effect instructed the jury that the question of defendant's (appellant's) negligence in driving on the left side of such highway was to be determined by the fact as to whether in so doing he exercised due care under the existing conditions. It was not erroneous.

Appellant also contends that the court erred in refusing to give his tendered instruction number 33, and in giving on its own motion instruction number 20, both of which relate to the same subject matter.

Instruction 33 is as follows: "It is provided by statute in the State of Indiana that no person shall drive or operate a motor vehicle upon any public highway in this state at a speed greater or less than is reasonable or prudent having regard to the width of the highway, the density of the traffic, the condition of the weather and use of the highway so as to endanger the life or limb or injure the property of any person.

"You are instructed that if you find it to be a fact that defendant's automobile was being driven in the village of Arlington at a speed of twenty-five miles or more per hour, such fact does not necessarily prove that such rate of speed was greater than was reasonable or prudent. You may take into consideration the density of the traffic, the presence or absence of other vehicles on the highway and in the immediate vicinity where the collision occurred, the width of the paved portion of the street, the probability or improbability of there being traffic crossing the street, the fact that it was day light, the conduct of the plaintiff and his apparent ability to avoid collision when discovered by the defendant, the opportunity of a pedestrian situated as was plaintiff when discovered to avoid

collision by the exercise of ordinary care, and the opportunity of plaintiff to make timely discovery of the approach of the defendant's automobile, the condition of the surface as to being dry or otherwise, and all other facts and circumstances shown by the evidence and from all these facts determine whether or not under all the circumstances the automobile in question was being driven at a rate of speed greater than was reasonable and prudent. If you find from the evidence that defendant's automobile was not being driven at a rate of speed greater than was reasonable and prudent at the time of the accident in question, then the defendant was not negligent in driving his automobile at the speed he was driving at the time of the collision." Instruction 20 given by the court is the same as instruction 33 refused except that the court added thereto "but if the defendant at said time and place drove his said automobile at a speed greater than twenty-five miles per hour, it would be *prima facie* unlawful and negligent." It is contended that the phrase added by the court makes the instruction given erroneous; that by it the jury was instructed that speed greater than 25 miles per hour was an absolute violation of the statute and that any such rate of speed would constitute negligence. The instruction is not justly subject to the criticism offered. It explicitly states otherwise than contended, and informs the jury what facts it may consider in determining if there was negligence and that it must consider the facts proven by the evidence, and from all these facts determine whether under all the circumstances the automobile in question was being driven at a rate of speed greater than was reasonable and prudent. It correctly states that speed greater than 25 miles per hour would be *prima facie* unlawful and negligent, but leaves it to the jury to decide if, in fact, there was negligence, after a consideration of all the evidence bearing upon that issue.

It is urged that instruction 21 given to the jury is mis-

leading and confusing. It relates to the duty of the driver of a motor vehicle in approaching a pedestrian who is walking or standing upon the travelled part of any highway. While the instruction is not to be commended, because of its not being as full and complete as desirable, yet, when considered in connection with the entire charge given to the jury, we fail to see how its giving was prejudicial to the rights of appellant.

Appellant's tendered instructions numbered 26, 27 and 28 refused by the court, were fully covered by instructions given. Each of said instructions refused relate to the doctrine of last clear chance. The court gave to the jury on this subject matter four separate instructions numbered 27, 28, 29 and 30. Appellant questions correctness of instruction 28 asserting that it ignores entirely the element of actual knowledge on the part of a defendant of the alleged peril of a plaintiff, and, in effect, makes a defendant an insurer of the safety of a person in a position of peril regardless of the elements of actual discovery and reasonable opportunity thereafter to avoid injury to such person by the exercise of ordinary care. We have carefully considered the instructions given and are of the opinion that the jury, from all the instructions given on the subject, must have understood that no *special duty* to exercise due care in favor of appellee, existed under the doctrine of last clear chance unless the appellant had actual notice and knowledge of appellee's peril in time to have avoided injuring him by the exercising of ordinary care.

Finding no reversible error the judgment is affirmed.