CURNICK ET AL. *v.* TORBERT ET AL.

[No. 14,579. Filed March 26, 1935. Rehearing denied June 28, 1935. Transfer denied November 18, 1935.]

*Jesse E. Martin, Thomas A. Daily, Wilson S. Daily* and *Thomas E. Kane,* for appellants.

*Emsley W. Johnson, Chester L. Zechiel* and *Gentry, Cloe & Campbell,* for appellees.

BRIDWELL, J.—This action was brought by Paul C. Curnick, who was the surviving husband of Nellie B. Curnick, deceased, to contest the will of said decedent and set aside the probate thereof. The complaint alleges that said Nellie B. Curnick at the time said will was attempted to be executed was of unsound mind; that said pretended will was unduly executed; that it was executed under duress; that it was procured and obtained by undue influence, and was obtained and procured by fraud. Appellees (the executor of the will and the beneficiaries named therein other than said Paul C. Curnick) filed answer to the complaint in general denial. Pending trial of the cause said Paul C. Curnick died, and, on motion, appellants were substituted as parties plaintiff. Trial by jury with a verdict as follows: "We, the jury, find that the instrument offered for probate is the valid will of Nellie B. Curnick." Judgment was rendered in accordance with the verdict. Appellants filed motion for a new trial which was overruled, and they excepted. This appeal followed, appellants assigning as error the overruling of their motion for a new trial.

In their motion for a new trial appellants state eleven causes as reasons for the granting of such motion, but, on appeal, under their "Propositions and Authorities" present for review only alleged error in the giving of instructions numbered (3) and (7) given by the court of its own motion; alleged error in giving instructions numbered (5) and (7) tendered by appellee, and alleged error in refusing to give instruc-

tion numbered (4) tendered by appellants. It is only such claimed errors that will be considered. All others, if any, are deemed waived. (Rule 21 of Supreme and Appellate Courts.)

Instruction numbered (3) is as follows:

"Under the issues tendered in this case it is proper for the court to explain to you the legal meaning of the words 'person of unsound mind.'

"The words 'person of unsound mind' as used in the statute in this state shall be taken to mean any idiot, *non compos*, lunatic, monomaniac or distracted person.

"The law does not undertake to measure a person's intellect and to define the exact quality of mind and memory which he or she shall possess to authorize him or her to make a will, yet it does require him or her to possess mind sufficient to know the extent and value of his or her property, the number and names of the persons who are the natural object of his or her bounty, their deserts with reference to their conduct and treatment towards him or her, their capacity and necessity, and that he or she shall have sufficient active memory to retain all of these facts in his or her mind long enough to have his or her will prepared and executed. If he or she is in possession of mental faculties to this extent, he or she is of sound mind within the meaning of the law; but if he or she is not in possession of mental faculties to this extent, he or she is of unsound mind within the meaning of the law."

Appellants contend that this instruction "gave the jury to understand that a person of unsound mind must be either an idiot, *non compos*, lunatic, monomaniac, or distracted person." This contention is not tenable. If it be conceded that it would have been better had the lower court informed the jury that under the statute of our state (Burns R. S. 1926, sec. 900), it is provided that the phrase "of unsound mind" includes idiots, non compotes [*non compos mentis*], lunatics and distracted persons, yet we cannot see, in view of the entire instruc-

tion given, that it is justly subject to the criticism offered, or that its giving constitutes reversible error. In this instruction the court correctly states the degree of mental capacity necessary in order that one may execute a valid will (*Jewett* v. *Farlow* [1928], 88 Ind. App. 301, 157 N. E. 458), and when this instruction is considered in connection with instructions numbered (1), (5), (6), and (13) tendered by the appellants and given by the court, it is evident that the jury could not have been misled by said instruction.

Instruction numbered (7) given by the court of its own motion, informed the jury that:

"It will be your duty to determine from the preponderance of the evidence, whether or not the will of Nellie B. Curnick was duly executed as provided by law and if you find that the said Nellie B. Curnick did execute the paper now offered for probate as her last will, with the formalities required by statute as already explained to you in these instructions and that she was then of sound mind, and not under duress or undue influence as these words have been defined to you herein, the form of your verdict should be: 'We, the jury, find that the instrument offered for probate is the valid will of Nellie B. Curnick.' If you should, from the preponderance of the evidence in this cause, find that Nellie B. Curnick did not execute a paper now offered for probate as her last will, with the formalities required by statute, or that she was of unsound mind, or that its execution was procured by undue influence at the time of the execution thereof, then the form of your verdict should be: 'We, the jury, find that the instrument offered for probate as the last will and testament of Nellie B. Curnick is not her valid will.' "

Appellants assert that the instruction is a mandatory one; that it withdrew from the consideration of the jury the question of fraud which was submitted to it by instruction numbered (7) given to the jury at the request of appellants; that the instruction is confusing in that the court in speaking of the purported will used the

expression "now offered for probate," while the prayer of the complaint was that said pretended will be declared invalid and "probate thereof be set aside." The record in this case is such that there can be no doubt that the jury during the trial of the cause fully understood that the issue being tried was as to whether the written instrument purporting to be the will of Nellie B. Curnick was in fact her valid will. There was no dispute as to the fact that the will had been probated, and the use by the court of the expression complained of would be, at the most, only harmless error. As to the other objections urged against this instruction, we are of the opinion that it is not, strictly speaking, a mandatory instruction which omits essential elements, but is more in the nature of an advisory instruction to the jury as to the *form* of its verdict in the event of an agreement by it on the question of the validity or the invalidity of the purported will.

In considering an instruction given, for the purpose of determining whether the action of the court in giving it constitutes reversible error, the initial point of inquiry is, Was the jury misled? *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 74 N. E. 509; *Livingston* v. *Rice* (1933), 96 Ind. App. 176, 184 N. E. 583. Instructions given in a cause are to be construed together, and if from the entire charge it appears that the jury has been correctly instructed as to the law applicable to the issues being tried and the evidence given in the cause, it is sufficient, even though there may be one or more instructions included in the charge, which, if considered apart from the other instructions given, would appear to be erroneous. *Vandalia R. R. Co.* v. *Stringer* (1914), 182 Ind. 676, 106 N. E. 865; *Livingston* v. *Rice, supra.* In the instant case the court gave to the jury instructions tendered by appellants which informed the jury that if it found from the evidence that any undue

influence, or fraud, or monomania, influenced said Nellie B. Curnick in the making of the purported will, that it would render the will invalid. Considering instruction numbered (7) in connection with the entire charge, we are of the opinion that the giving of the same was not such error as to require reversal of the judgment herein.

Instruction numbered (5) tendered by appellee and given by the court is as follows:

"Unsoundness of mind, which will vitiate a will, is unsoundness existing in the mind of the testatrix at the very time of the execution of the will in question.

"Unsoundness of mind at some time after its execution is not sufficient to raise a presumption that she was of unsound mind at the time of the execution of the will, and before you can find for the plaintiffs on that issue you must find from a fair preponderance of the evidence that the testatrix was of unsound mind at the time of the execution of the will in question."

This instruction is not erroneous, nor does it, as claimed by appellants, preclude the jury from considering all the evidence given in the cause as to mental capacity. Other instructions given by the court plainly informed the jury that it should consider all the evidence given in the cause on the question of unsoundness of the mind, and from the entire evidence determine as to whether she was of sound or unsound mind at the time of the execution of her purported will.

Appellants also contend that instruction numbered (7) tendered by appellees and given by the court invaded the province of the jury and that it was not applicable to any evidence given in the cause. We cannot agree with this contention. This instruction informed the jury that if it believed from the evidence that Nellie B. Curnick, at a time prior to the time when it is contended that she was of unsound mind,

had expressed her purpose and intention of executing a will to exclude her husband from participating in her estate, and to provide for certain of her blood relatives by a will, and that the purported will did in fact exclude her husband from a part of her estate, and provided in accordance with her expressed intention, that the jury might properly take such facts into consideration in determining whether the will was a result of a purpose long considered and determined upon by her, or the result of an impaired mental condition. There is evidence in the record making the instruction applicable, and we do not believe that the jury was either confused or misled on account of its having been given.

Appellants tendered instruction numbered (4), which the court refused to give, relates to the subject of monomania. This subject matter was covered by instructions numbered (5) and (13) tendered by appellants and given by the court. There is, therefore, no available error in the refusal of said instruction numbered (4).

Although some of the instructions heretofore mentioned are reasonably subject to criticism, yet when all the instructions are taken together we are satisfied that the jury fully understood the issues it was called upon to try, and after a careful consideration of the record we conclude that appellants had a fair trial with no intervening errors in the record for which the judgment should be reversed.

Judgment affirmed.