FINSTER *v.* WRAY ET AL.

[No. 19,108. Filed February 17, 1960. Rehearing denied June 6, 1960. Transfer denied December 7, 1960.]

*Russell J. Wildman, Walter J. Bixler* and *Cole, Wildman & Cole,* all of Peru, for appellant.

*Russell T. Keith* and *Dice & Keith,* of Peru, for appellees.

BIERLY, P. J.—Glenn Elbert Wray, appellee, filed two separate causes of action in the court below: One against appellant, Jacob Joseph Finster, and the other against the appellee, Jay Finster, and in each of said causes he sought damages for personal injuries growing out of a single fight. The causes were consolidated for trial.

Appellant filed two paragraphs of answer: One paragraph denying the assault and battery charged in appellee Wray's complaint and the second paragraph alleging self-defense and use of no more force than was reasonably necessary. Appellant also filed a cross-complaint seeking damages for personal injuries sustained in the assault and battery alleged in appellee Wray's complaint.

Appellee Wray filed an answer to the cross-complaint in two paragraphs: One paragraph denying the assault and battery, and the second paragraph alleging self-

defense and use of no more force than was reasonably necessary in repelling the assault.

Trial was had by a jury, which returned a verdict for the appellee, Glenn Elbert Wray, against the appellant, Jacob Joseph Finster, in the sum of $3,000.00 and a verdict for the appellee, Glenn Elbert Wray, against the appellee, Jay Finster, in the sum of no dollars.

Appellant timely filed a motion for a new trial, which was overruled. Judgment was rendered for the appellee, Glenn Elbert Wray, in accordance with the general verdict.

The unwaived specifications of appellant's motion for a new trial are:

"1. Error of law occurring at the trial as follows:

"(a) The court erred in giving to the jury on the court's own motion its final Instruction No. 2.

"(c) The court erred in overruling defendant's objection to a question propounded by plaintiff to his witness, Mrs. Elbert Wray, on direct examination. The question was: 'Were you, during the time you were watching the fight and crying, in fear for the life of your husband?' The objection was: 'To which we object for the reason that her fear is not a question. It is only a question of the husband's fear. The ruling of the court was: 'If that is the objection I will overrule it.' The answer was: 'I was in very much fear.'

"2. Error in the assessment of the amount of recovery in this, that the amount is too large.

"4. The verdict of the jury is contrary to law."

Error relied upon for reversal is the overruling of appellant's motion for a new trial.

Appellee Wray's complaints against each of the defendants in the court below are identical and the material allegations of each complaint are that on October 29, 1949, the defendant struck, kicked, and beat the appellee, Wray, and knocked him to the ground; that

the defendants further used pliers or pinchers, striking the appellee with them and tearing away pieces of flesh with them; that the appellee became ill and was made sore, bruised, lame and bleeding, and that appellee suffered great pain and mental agony, shame and humiliation. Each complaint asks for $6,000.00 damages.

The defendants, Jacob Joseph Finster and Jay Finster, in the court below, denied all of the material allegations of said complaints and in their cross-complaint alleged that they were assaulted, struck, beaten and kicked by the appellee, Wray, and that they were merely defending themselves. The appellee, Glenn Elbert Wray, denied these allegations and alleged that his actions were in self-defense.

The Court's Final Instruction No. 2 reads as follows:

"In this case, there is considerable conflict in the testimony which cannot be reconciled. You are the exclusive judges of the credibility of each witness and of the weight you will give to his statements. In determining the weight and credit to be given the testimony of each witness, you may take into consideration his opportunity and capacity for observing and recollecting the matters about which he testified; his conduct and demeanor while testifying, his interest or lack of interest, if any be shown, in the result of this action; his bias or prejudice, if any be shown, his candor and fairness; the probability or improbability of his testimony in view of all the other evidence, facts and circumstances proved during the trial; and whether his testimony has been corroborated or contradicted by other credible evidence."

Appellant's objection to this instruction is that it invades the province of the jury by the opening sentence thereof that "there is considerable conflict in the testimony which cannot be reconciled." This, appellant

alleges, amounts to a positive declaration that there is conflict in the testimony, that it is considerable, that it cannot be reconciled, and that some of the witnesses are not credible. That, therefore, since it is the law in Indiana that a trial court may not comment on the weight of the evidence or the credibility of the witnesses, the instruction is erroneous. That, further, it is for the jury also, to determine whether there is any conflict in the testimony of witnesses which cannot be reconciled; that the jury reconciles any conflict they find if it can be done in a reasonable manner. Appellant cites in support of his allegations *Canada* v. *Curry* (1881), 73 Ind. 246, 250; *Comstock* v. *Whitworth* (1881), 75 Ind. 129; *Moore* v. *The State* (1882), 85 Ind. 90, and other Indiana cases.

The challenge by appellant is substantial and demands more than superficial scrutiny. Two pertinent questions assume significance: (1) Did the Court's Instruction No. 2 invade the exclusive province of the jury? (2) Was the jury misled so that the cause of either party was prejudicially affected?

Among certain cases, that admit of examination and analysis, which may offer guidance toward the solution of the questions, heretofore proferred, is *Hess* v. *Lowrey* (1889), 122 Ind. 225, 23 N. E. 156. In this case, the trial court gave an instruction concerning a weight that should be attached to the testimony of witnesses in relation to their interest in the result. The appeal court pointed out that the instruction bordered upon the *edge of propriety*, but, since the said instruction was general and not directed toward any one certain party, it was not declared a reversible error. This case appears somewhat analogous to the case at bar.

The questioned part of the present instruction is remarkably similar to one which was declared erroneous

by the Supreme Court in *Canada* v. *Curry, supra.* It may be pointed out, however, that the instruction in that case was directed at both the plaintiff and defendant specifically, but, that in the instant case, the instruction seems to reflect its imagery toward all witnesses generally. Even, when so considered, it appears that said instruction becomes of questionable propriety to such an extent that the wisdom of the court, in the giving of the same appears debatable. In light of the authorities cited, it may seem to appear that the involved instruction, in the contested particular, is technically erroneous. However, the question then remains as to whether the error charged to have been made, in this instruction, is materially prejudicial to appellant.

In an instruction to the jury, the trial court in *Davis* v. *Reamer et al.* (1885), 105 Ind. 318, 323, 4 N. E. 857, dwelt upon the substance and effect of the testimony of some witnesses relative to a given point involved at the trial. The Supreme Court, while admitting and asserting the instruction was technically erroneous, yet declared such error, when considered in relation *"to all other proceedings* in the trial," has caused appellant no material injury. *Ball* v. *Cox* (1856), 7 Ind. 453; *Barker* v. *The State* (1874), 48 Ind. 163; *Cunningham* v. *The State, ex rel. Zartman* (1879), 65 Ind. 377. (Our emphasis.) The court continued to treat the error in question "as only an abstract error," by not denying any substantial rights asserted by appellant. It appears, thus, that the questionable instruction in the case at bar, and, that in the case of *Davis, supra,* are strikingly similar as being only errors in the abstract.

It appears that before a final appraisal of Instruction No. 2, in the case at bar is rendered, the instruction

should be considered in its entirety, in order to determine whether the province of the jury was invaded by the court to the extent that the jury was misled to prejudicial injury of the appellant.

Cases may be cited, where the appeal court discussed the matter of reversible error in giving instructions to a jury, and the answer to the fundamental principle embodied in the question, "Was the jury misled?" *Curnick* v. *Torbert* (1935), 101 Ind. App. 113, 194 N. E. 771; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 74 N. E. 509; *Livingston* v. *Rice* (1932), 96 Ind. App. 176, 184 N. E. 583.

By other instructions, and in part of the challenged Instruction No. 2, the court correctly charged the jury and informed it that they are sole judges of the facts presented. A part of the Court's Instruction No. 3 reads:

> "The Court in its ruling and instructions, did not and does not now, intend to express any opinion as to any question of fact, . . ."

This court held in *Prudential Ins. Company* v. *Thatcher* (1937), 104 Ind. App. 14, 4 N. E. 2d 574, that even if an instruction, independently of all others, appears to be erroneous, all instructions given to a jury *"must be considered together,"* or, "if the record affirmatively shows that the challenged instruction, *although incorrect,* could not have misled the jury, it will be regarded as harmless." In that case the portion of an instruction which stated "it is undisputed from all the evidence in this case that . . . he has made a prima facie case" was not one worthy of commendation by this court, yet, the court held that the appellant was unharmed by it in view of all the facts in the case, since the records affirmatively show

that the merits of the case were fairly tried and that the verdict was in harmony with the evidence. (Our emphasis.) *Indianapolis Traction, etc., Co.* v. *Thornburg* (1920), 74 Ind. App. 642, 125 N. E. 57; *King's Indiana Billard Company* v. *Winters* (1952), 123 Ind. App. 110, 106 N. E. 2d 713.

The Supreme Court has held that it is settled law in this State that instructions are given "as an entirety, and not separately or in dissected parts," and assuming that instructions as a unit "clearly and fairly represent the law to the jury," although some portion of an instruction standing "alone or taken abstractly and not explained by others, may be erroneous," it will successfully challenge a reversal. No instruction is to be regarded as independent and isolated but rather as a related and connected part of the entire charge. The rule is that error in a particular paragraph of an instruction will not justify a reversal unless it is of such a nature as to vitiate the whole charge. The entire charge is vitiated only when it is so erroneous that the jurors must be misled as to the law in the case. *Shields* v. *The State* (1897), 149 Ind. 395, 406, 49 N. E. 351.

In this Final Instruction No. 2, insofar as it relates to the first sentence thereof, the court in the second sentence said:

"You are the exclusive judges of the credibility of each witness and of the weight you will give to his statements."

In the Court's preliminary Instruction No. 3, we have this statement as a part thereof, to-wit:

"The Court, in its rulings and instructions, did not and does not now, intend to express any opinion as to any question of fact."

By considering *all instructions* together, as given by the Court, it appears that whatever error may be indulged in reference to the Court's Final Instruction No. 2, it is readily overcome by uncontested portions of said Court's Final Instruction No. 2, and other instructions herein referred to, and, as a consequence thereof, the province of the jury was not invaded to a point where the jury was misled or that said assumed error was prejudicially harmful to appellant.

One of the specifications [1.(c)] in appellant's motion for a new trial asserts that the court erred in "overruling defendant's (appellant's) objection" to a question asked by appellee of his wife, Mrs. Elbert Wray, who had taken the stand as a witness in his behalf. The witness was asked this question:

"Were you, during the time you were watching them fight and crying, in fear for the life of your husband?"

to which the appellant objected;

"To which we object for the reason that her fear is not a question, it is only a question of the husband's fear."

The Court in its ruling said:

"If *that* is the objection I will overrule it." (Our emphasis.)

It is apparent at once that said specification, as set forth in appellant's motion for a new trial, is insufficient to present any question. The error, if any, lies not in the overruling of the objection to the question but in the admission of the evidence. *Harvey, etc. v. Johnson School Twp., etc.* (1954), 124 Ind. App. 602, 117 N. E. 2d 279; *Sunnyside Coal and*

*Coke Company* v. *Reitz et al.* (1895), 14 Ind. App. 478, 39 N. E. 541.

However, there was no error by the trial court in overruling the objection. The objection stated no *legal reason* for the exclusion of the evidence. No doubt that is why the Court said: "If *that* is the objection I will overrule it." (Our emphasis). In his argument on the question, the appellant says that the question and answer are irrelevant, that it tended to mislead and prejudice the jury, that it did not throw any light or have any logical relation to the facts in issue; but none of said grounds were given as an objection to the question asked. The objection given by the appellant to the question, as set forth in the motion for a new trial, did not present to the court any question of whether the objected to question called for responsive relevant testimony, or whether the question asked would elicit testimony misleading to the jury and arousing their prejudices, or, that the question asked for testimony having no tendency to throw any light upon the facts in issue.

We find no error in the ruling complained of.

Appellant's motion for a new trial asserts that there was "error in the assessment of the amount of recovery in this, that it was too large." The action at bar is an action for damages for injuries to the person of the appellee allegedly inflicted by the appellant, Jacob Joseph Finster, and the appellee, Jay Finster. This is an action in tort only. The specification for excessive damages in tort actions must be presented under Clause Fourth of the causes for a new trial, Burns' 1946 Replacement, §2-2401, that the damages assessed are excessive. The amount of damages in a tort action cannot be questioned by a specification in the motion for a new trial, that "the assessment of the amount of

recovery . . . is too large." Burns' 1959 Replacement, §2-2401, Clause Fifth. Such specification is appropriate *only in actions ex-contractu and for injuries to or detention of property.* Ault v. *Phillips* (1940), 108 Ind. App. 535, 27 N. E. 2d 379; *Reserve Life Ins. Co.* v. *Anderson, Admr. etc.,* (1957), 127 Ind. App. 561, 562, 142 N. E. 2d 486.

Hence, we are of the opinion, that the trial court did not err in overruling appellant's motion for a new trial and the judgment of the trial court should be affirmed.

Judgment of the trial court affirmed.

Kelley, Gonas and Smith, JJ., concur.

NOTE.—Reported in 164 N. E. 2d 660.